FILED

12/14/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 07-0157

IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 07-0157

_____

IN THE MATTER OF THE MONTANA RULES
OF CIVIL PROCEDURE

O R D E R

_____

Following a publication of proposed changes with a comment period, the Court hereby adopts amendments to several of the Montana Rules of Civil Procedure.

The first three changes are to M. R. Civ. P. 4. Of these, the first is for a non-substantive change to M. R. Civ. P. 4(c)(2)(C)(i) and (ii), to correct parentheticals that were inadvertently reversed. The second change comes at the recommendation of the Montana Secretary of State, who reports that the fees set forth in M. R. Civ. P. 4(j)(3)(B) and 4(p)(2)(C) for service on her office are insufficient to cover actual costs. The fees are raised from $10 to $20. The third change clarifies M. R. Civ. P. 4(o)(1)(C), concerning service by publication.

The Court revises M. R. Civ. P. 52(a)(3) to require that orders issued under M. R. Civ. P. 12 and 56 must include articulation of the basis for the order.

Finally, the Court revises the timelines and the procedure for deemed denial of motions for new trial or to alter or amend a judgment, and motions for relief from a judgment or order under M. R. Civ. P. 59(b) and (f), and 60(c)(1), respectively.

IT IS ORDERED that the above changes to the Montana Rules of Civil Procedure are adopted, effective July 1, 2017. The changes are reflected in the attached complete Montana Rules of Civil Procedure.

IT IS FURTHER ORDERED that this Order shall be published on the Court's website and that notice of this Order shall be posted on the website of the State Bar of Montana and in the next available issue of the *Montana Lawyer.*

The Clerk is directed to provide copies of this Order to the Montana State Law Library and the State Bar of Montana. The Clerk is further directed to provide copies of this Order to Todd Everts, Connie Dixon, and Derek Gallagher at Montana Legislative Services Division; to Helene Haapala and Colena Webb at Thomson Reuters; to Robert Roy and Patti Glueckert at LexisNexis; to the Montana Trial Lawyers Association; to the Montana Defense Trial Lawyers Association; to Montana Legal Services; and to the Montana Judges Association.

Dated this 14th day of December, 2016.

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

# RULES OF CIVIL PROCEDURE

## TITLE I.    Scope of Rules; Form of Action

**Rule 1.  Scope of Rules.**  These rules govern the procedure in all civil actions and proceedings in the district courts of the state of Montana, including probate proceedings, unless specifically provided to the contrary in the Uniform Probate Code; and except as stated in Rule 81.  They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.

### COMMITTEE NOTES
The language of Rule 1 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

The former reference to "suits of a civil nature" is changed to the more modern "civil actions and proceedings."  This is not meant to be a substantive change.

The rules minimize the use of inherently ambiguous words.  For example, the word "shall" is removed because it is inherently ambiguous in that it can mean "must," "may," or something else depending on the context.  "Shall" is replaced with "must," "may," or "should," depending on which one the context and established interpretation make correct in each rule.

Language has been added to make it clear that the Civil Rules apply to probate proceedings except where the Probate Code specifies different procedures.  This is consistent with section 72-1-207.

**Rule 2.  One form of Action.**  There is one form of action -- the civil action.

### COMMITTEE NOTES
The language of Rule 2 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

## TITLE II.  Commencing an Action; Service of Process, Pleadings, Motions, and Orders

**Rule 3.  Commencing an Action.**  A civil action is commenced by filing a complaint with the court.

The language of Rule 3 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

**Rule 4.  Persons Subject to Jurisdiction; Process; Service.**

**(a) Definition of Person.**  As used in this rule, the word "person," whether or not a citizen of this state, a resident of this state, or organized under the laws of this state, includes:

**(1)** an individual, whether operating in the individual's own name or under a trade name;

**(2)** an individual's agent or personal representative;

**(3)** a corporation;

**(4)** a limited liability company;

**(5)** a business trust;

**(6)** an estate;

**(7)** a trust;

**(8)** a partnership;

**(9)** an unincorporated association;

**(10)** any two or more persons having a joint or common interest or any other legal or commercial entity; and

**(11)** any other organization given legal status as such under the laws of this state.

**(b) Jurisdiction of Persons.**

**(1)** *Subject to Jurisdiction.*  All persons found within the state of Montana are subject to the jurisdiction of Montana courts. Additionally, any person is subject to the jurisdiction of Montana courts as to any claim for relief arising from the doing personally, or through an employee or agent, of any of the following acts:

(A) the transaction of any business within Montana;

(B) the commission of any act resulting in accrual within Montana of a tort action;

(C) the ownership, use, or possession of any property, or of any interest therein, situated within Montana;

(D) contracting to insure any person, property, or risk located within Montana at the time of contracting;

(E) entering into a contract for services to be rendered or for materials to be furnished in Montana by such person;

(F) acting as director, manager, trustee, or other officer of a corporation organized under the laws of, or having its principal place of business within, Montana; or

(G) acting as personal representative of any estate within Montana.

**(2)** *Acquisition of Jurisdiction.* Jurisdiction may be acquired by Montana courts over any person:

(A) through service of process as herein provided; or

(B) by the voluntary appearance in an action by any person either personally or through an attorney, authorized officer, agent, or employee.

**(c) Summons.**

**(1)** *Issuance.* On or after filing the complaint, the plaintiff or the plaintiff's attorney must present a summons to the clerk for issuance. The clerk must issue and deliver a properly completed summons to the plaintiff or the plaintiff's attorney, who must thereafter deliver it for service upon the defendant as prescribed by these rules. Service of the summons must be accomplished within the times prescribed by Rule 4(t). Upon request, the clerk must issue separate or additional summons against any parties designated in the original action or any additional parties who may be brought into the action. Such separate or additional summons must also be served in the manner and within the times prescribed by these rules. The party requesting issuance of the summons bears the burden of having it properly issued, served, and filed with the clerk.

**(2)** *Form.*

(A) *Contents.* A summons must:

(i) name the court and the parties;

(ii) be directed to the defendant;

(iii) state the name and address of the plaintiff's attorney or -- if unrepresented -- of the plaintiff;

(iv) state the time within which the defendant must appear and defend;

(v) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;

(vi) be signed by the clerk; and

(vii) bear the court's seal.

(B) *Quiet Title Actions.* In an action to quiet title to real estate, the following must be added to the summons: "This action is brought to quiet title to land situated in _____ County, Montana, and described as follows: [Here insert descriptions of land]."

(C) *Statutory Exceptions.* Whenever a Montana statute, or a court order or citation issued pursuant thereto, provides for the service of a notice, order, or citation in lieu of summons upon any person, service shall be made under the circumstances and in the manner prescribed by the statute, order, or citation. Additionally, all persons are required to comply with the provisions of the following sections, when applicable:

(i) 33-1-603 (service on an insurer through the commissioner of insurance);

(ii) 33-1-613 (service on unauthorized insurer doing business in Montana);

(iii) 33-1-614 (exemptions from service of process for certain insurers);

(iv) 33-2-314 (where to bring suit against an insurer);

(v) 33-2-315 (when the commissioner of insurance is appointed agent for service of process);

(vi) 70-28-207 (how summons must read in a suit to quiet title to property granted to an heir of a deceased entryman);

(vii)   70-28-208 (publication and posting of summons in a suit to quiet title to property granted to an heir of a deceased entryman);

(viii) 70-28-209 (personal service of summons -- service by mail in a suit to quiet title to property granted to an heir of a deceased entryman); and

(ix)   70-28-212 (time for the defendant to appear and answer in a suit to quiet title to property granted to an heir of a deceased entryman).

(D) *By Publication.*  When service by publication is permitted pursuant to Rule 4(o), the published summons must also include a statement in general terms of the nature of the action.  When the action is one in which the title to, or any interest in or lien upon, real property is involved, affected, or brought into question, the published summons must also contain a description of the real property and a statement of the object of the action.

**(d) Service.**

**(1) *In General.*** The summons and complaint must be served together.  The plaintiff must furnish the necessary copies to the person who makes service.

**(2) *In Person.*** Service of all process may be made in the county where the party to be served is found by a sheriff, deputy sheriff, constable, or any other person over the age of 18 not a party to the action.

**(3)** (A) *By Mail.*  A summons and complaint may also be served by mailing via first class mail, postage prepaid, the following to the person to be served:

(i)   a copy of the summons and complaint;

(ii)  two copies of a notice and acknowledgment conforming substantially to form 18-A; and

(iii) a return envelope, postage prepaid, addressed to the sender.

(B)  A summons and complaint may not be served by mail to the following:

(i)   A minor;

(ii)  An incompetent person; or

(iii) A corporation, partnership, or other unincorporated association, whether domestic or foreign.

(C)  If no acknowledgment of service by mail is received by the sender within 21 days after the date of mailing, service of the summons and complaint must be made in person.

(D) If a person served by mail does not complete and return the notice and acknowledgment within 21 days, the court must order that person to pay the costs of personal service unless good cause is shown for not doing so.

(E) The notice and acknowledgment must be signed and dated by the defendant, and service of summons and complaint will be deemed complete on the date shown.

**(e) Serving an Individual.** An individual -- other than a minor or an incompetent person -- must be served by either:

**(1)** delivering a copy of the summons and complaint to the individual personally; or

**(2)** delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. If the agent is one designated by statute to receive service, such further notice as the statute requires must be given.

**(f) Serving a Minor over the Age of 14 Years.** A minor over the age of 14 years must be served by either:

**(1)** delivering a copy of the summons and complaint to the minor personally and leaving a copy thereof at the minor's usual place of abode with some adult of suitable discretion also residing therein; or

**(2)** delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

**(g) Serving a Minor under the Age of 14 Years.** A minor under the age of 14 years may be served by delivering a copy of the summons and complaint to the minor's guardian within Montana. If the minor does not have a guardian within Montana, service of process must be delivered to any of the following:

**(1)** the minor's father;

**(2)** the minor's mother;

**(3)** another person or agency having the minor's care, control, or with whom the minor resides; or

**(4)** another person or agency as provided by court order.

**(h) Serving an Incompetent Person.**

**(1)** An incompetent person who has been adjudged of unsound mind by a Montana court or for whom a guardian has been appointed in Montana by reason of incompetency may be served by delivering a copy of the summons and complaint to the person's guardian, if such guardian resides in Montana, was appointed under

Montana law, and is acting under Montana law.  If there be no such guardian, the court must appoint a guardian ad litem for the incompetent person.

**(2)** When a party is alleged to be of unsound mind, but has not been so adjudged by a Montana court, process may be served personally upon that party.

**(3)** The court may also stay any action pending against a person on learning that such person is of unsound mind.

**(i) Serving a Business or Nonprofit Entity.**

**(1)** For the purposes of this Rule, a business or nonprofit entity includes the following:

(A) a corporation;

(B) a limited liability company;

(C) a partnership;

(D) any other unincorporated association; and

(E) any business entity that has filed with the office of the secretary of state.

**(2)** Service is available under this rule for a domestic business or nonprofit entity, as well as a foreign business or nonprofit entity that either:

(A) has a place of business in Montana;

(B) does business in Montana permanently or temporarily; or

(C) was doing business in Montana permanently or temporarily at the time the claim for relief accrued.

**(3)** A business or nonprofit entity must be served by either:

(A) delivering a copy of the summons and complaint to:

(i)  an officer;

(ii)  a director;

(iii)  a manager;

(iv)  a member of a member-managed limited liability company;

(v)  a superintendent;

(vi)  a managing agent;

(vii) a general agent; or

(viii) a partner;

(B) leaving copies of the summons and complaint at the office or place of business within Montana with the person in charge of such office;

(C) delivering a copy of the summons and complaint to the registered agent named on the records of the secretary of state;

(D) delivering a copy of the summons and complaint to any other agent or attorney in fact authorized by appointment or by statute to receive or accept service on behalf of the business or nonprofit entity, provided that if the agent or attorney in fact is designated by statute to receive service, further notice as required by the statute must also be given; or

(E) if the suit is against a business or nonprofit entity whose charter or right to do business in Montana has expired or been forfeited, by delivering a copy of the summons and complaint to its trustees or stockholders or members.

**(j) Serving a Corporation or Limited Liability Company When Persons Designated Under Rule 4(i) Cannot Be Found Within Montana.**

**(1)** This Rule applies when none of the persons designated in Rule 4(i) can be found within Montana with the exercise of due diligence, and a claim for relief is pending in any Montana court against the following:

(A) a corporation or limited liability company that has filed a copy of its charter in the office of the Montana secretary of state and is qualified to do business in Montana;

(B) a corporation or limited liability company which is subject to the jurisdiction of Montana courts under Rule 4(b), even though it has never qualified to do business in Montana; or

(C) a national banking corporation which, through insolvency or lapse of charter, has ceased to do business in Montana.

**(2)** The party causing summons to be issued shall exercise reasonable diligence to ascertain the last known address of any person designated under Rule 4(i).

**(3)** If, after exercising reasonable diligence, the party causing summons to be issued is unable to accomplish service, the following must be filed with the clerk of the court in which the claim for relief is pending:

(A) an affidavit reciting that none of the persons designated in Rule 4(i) can be found within Montana, as well as a recitation of either:

(i) the last known address of any person designated under Rule 4(i); or

(ii) a statement that no address for any person designated under Rule 4(i) could be found after the exercise of reasonable diligence; and

(B) $20 deposited with the clerk to be paid to the secretary of state as a fee for each defendant for whom the secretary of state is to receive service. When service is requested at more than one address, an additional $20 must be paid for each party to be served at each additional address.

**(4)** An affidavit filed pursuant to Rule 4(j)(3)(A) reciting that diligent inquiry was made is sufficient evidence of the diligence of inquiry. The affidavit need not detail the facts constituting such inquiry. The affidavit may also be combined in the same instrument with the affidavit required under Rules 4(o)(3)(A)(ii) and 4(p), should an affidavit under these Rules be required.

**(5)** Upon receiving the necessary affidavit and fees as required under Rule 4(j)(3), the clerk of court must:

(A) issue an order directing process to be served upon the Montana secretary of state or, in the secretary of state's absence, upon the Montana deputy secretary of state; and

(B) mail to the secretary of state at the office of the secretary of state:

(i) the original summons;

(ii) one copy of the summons and affidavit for the files of the secretary of state;

(iii) one copy of the summons attached to a copy of the complaint for each of the defendants to be served by service upon the secretary of state; and

(iv) the fee for service.

**(6)** (A) Upon receiving the materials required under Rule 4(j)(5)(B), the secretary of state must mail a copy of the summons and complaint by certified mail, return receipt requested, either:

9

(i) to the last known address of any of the persons designated in Rule 4(i); or

(ii) if the corporation or liability company is not organized in Montana and no address for a person designated under Rule 4(i) is known, to the secretary of state of the state in which the corporation or limited liability company was originally incorporated, if known.

(B) The secretary of state must also make a return as provided in Rule 4(p).

**(7)** Service made in accordance with this Rule is deemed personal service on the corporation or limited liability company and the secretary of state, or a deputy in the absence of the secretary of state, is thereby appointed agent of the corporation or limited liability company for service of process.

**(8)** (A) If a person designated in Rule 4(i) is located and served personally as provided by this Rule, service is deemed complete upon the corporation or limited liability company regardless of the receipt of any return receipt or advice by the postal authority of refusal of the addressee to receive the process mailed.

(B) If a person designated in Rule 4(i) is not located or served personally as provided by this Rule, service by publication must also be made as provided in Rules 4(c)(2)(D) and 4(o)(4). Such publication must first be made within 60 days from the date the original summons is mailed to the secretary of state. If such first publication is not made, the action shall be deemed dismissed as to any corporation or limited liability company intended to be served by such publication. Service by publication in accordance with this Rule is complete upon the date of the last publication of summons.

**(9)** When service of process is made in accordance with this Rule, and there is no appearance thereafter made by any attorney for such corporation or limited liability company, service of all other notices required by law to be served in such action may be served upon the secretary of state.

**(k) Serving a Local Government Entity.**

**(1)** For purposes of this Rule, a local government entity includes the following:

(A) a city;

(B) a village;

(C) a town;

(D) a school district;

10

(E) a county; or

(F) a public agency or board of any such entity.

**(2)** A local government entity must be served by delivering a copy of the summons and complaint to any of the following:

(A) a commissioner;

(B) a trustee;

(C) a board member;

(D) a mayor; or

(E) a head of the legislative department thereof. Whenever an officer or employee of the local government entity is sued in an individual capacity for an act or omission occurring in connection with duties performed on the local government entity's behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the local government entity and also serve the officer or employee under Rules 4(e), 4(f), 4(g), 4(h), or 4(n).

**(l) Serving the State.** The state, as well as any state board or agency, must be served by delivering a copy of the summons and complaint to the attorney general and any other party prescribed by statute. Whenever an officer or employee of the state is sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the state and also serve the officer or employee under Rules 4(e), 4(f), 4(g), 4(h), or 4(n).

**(m) Serving an Estate or Trust.**

**(1)** An estate must be served by delivering a copy of the summons and complaint to the personal representative.

**(2)** A trust must be served by delivering a copy of the summons and complaint to any of the trustees.

**(n) Personal Service outside Montana.**

**(1)** When a person cannot, with due diligence, be served personally within Montana, service may be made outside Montana in the manner provided for service within Montana. Such service has the same force and effect as though it had been made within Montana.

**(2)** Where service by publication is permitted, personal service of the summons and complaint upon the defendant outside Montana is equivalent to and dispenses with

the procedures, publication, and mailing provided for in Rules 4(o)(3), 4(o)(4), and 4(o)(5).

**(o) Service by Publication.**

**(1)** *When Permitted.* A defendant who has not been served under the foregoing sections of Rule 4 can only be served by publication in the following situations:

(A) when the subject of the action is real or personal property in Montana in which the defendant has or claims an actual or contingent lien or interest, or the relief demanded consists wholly or partially in excluding the defendant from any interest therein;

(B) when the action is to foreclose, redeem from, or satisfy a mortgage, claim, or lien upon real or personal property within Montana;

(C) when the action is for dissolution, legal separation or a declaration of invalidity of a marriage of a Montana resident, for modification of a decree of dissolution, or for an order on custody, visitation, support, or a parenting plan granted by a Montana court; or

(D) when the defendant has property within Montana which has been attached or has a debtor within Montana who has been garnished. Jurisdiction under this subsection may be independent of or supplementary to jurisdiction acquired under Rules 4(o)(1)(A), 4(o)(1)(B), or 4(o)(1)(C).

**(2)** *Effect of Service by Publication.* When a defendant has been served by publication as provided in this Rule, any Montana court having jurisdiction may render a decree adjudicating any interest of such defendant in the status, property, or thing acted upon. Such a decree does not bind the defendant personally to the personal jurisdiction of the court unless some ground for the exercise of personal jurisdiction exists.

**(3)** *Filing of Pleading and Affidavit for Service by Publication; Order for Publication.*

(A) Before service of the summons by publication is authorized, the following must be filed with the clerk of the district court of the county in which the action is commenced:

(i) a pleading setting forth a claim in favor of the plaintiff and against the defendant in one of the situations defined in Rule 4(o)(1); and

(ii)(a) in situations defined in Rules 4(o)(1)(A), 4(o)(1)(B), and 4(o)(1)(C), upon return of the summons showing the failure to find any defendant designated in the complaint, an affidavit stating that either:

12

1. such defendant resides out of Montana;

2. such defendant has departed from Montana;

3. such defendant cannot, after due diligence, be found within Montana;

4. such defendant conceals the defendant's person to avoid the service of summons;

5. the defendant is a business or nonprofit entity as defined in Rule 4(i)(1) of which none of the persons in Rule 4(i) can, after due diligence, be found within Montana; or

6. the defendant is an unknown claimant and the affiant has made diligent search and inquiry for all persons who claim or might claim any present or contingent right, title, estate, interest in, lien, or encumbrance upon such property or any part thereof, adverse to plaintiff's ownership, or any cloud upon plaintiff's title thereto, including any right of inchoate or accrued dower, and that the affiant has specifically named as defendants in such action all such persons whose names can be ascertained.

(b) Such affidavit is sufficient evidence of the diligence of any inquiry made by the affiant if it recites the fact that diligent inquiry was made. The facts constituting such inquiry need not be detailed.

(c) Such affidavit may be with the affidavit required under Rules 4(j)(3)(A) and 4(p), should an affidavit under these Rules be required.

(iii) In the situation defined in Rule 4(o)(1)(D), proof that a valid attachment or garnishment has been effected must first be presented to the court.

(B) Upon complying herewith, the plaintiff must obtain an order, issued either by the judge or clerk of court, for the service of summons to be made upon the defendants by publication.

**(4)** *Number of Publications.*  Service by publication must be made by publishing the summons once a week for three successive weeks in a newspaper published in the county in which the action is pending or, if no newspaper is published in such county, then in a newspaper published in an adjoining county that has a general circulation therein.

**(5)** *Mailing Summons and Complaint.*  A copy of the summons and complaint, at any time after the filing of the affidavit for publication but not later than 14 days after the first publication of the summons, must be mailed, postage prepaid, to the defendant at

defendant's place of residence, unless the affidavit for publication states that the residence of the defendant is unknown. If the defendant is a business or nonprofit entity as defined in Rule 4(i)(1), and personal service cannot with due diligence be effected within Montana on any of the persons designated in Rule 4(i), then the secretary of state must be served pursuant to Rule 4(j).

**(6)** *Time When First Publication or Service outside Montana Must Be Made.* The first publication of summons or personal service of the summons and complaint upon the defendant out of Montana must be made within 60 days after the filing of the affidavit for publication. If not, the action must be dismissed as to any party intended to be served by such publication.

**(7)** *When Service by Publication or Outside Montana Complete.* Service by publication is complete on the date of the last publication of the summons or, in case of personal service of the summons and complaint upon the defendant out of Montana, on the date of such service.

**(p) Serving the Secretary of State.**

**(1)** Whenever service is to be made as provided in Rules 4(i) and 4(o)(5), the requirements of Rule 4(i) must be met.

**(2)** In all other cases, unless otherwise provided by statute, whenever the Montana secretary of state has been appointed, or is deemed by law to have been appointed, as the agent to receive service of process for any person who cannot with due diligence be found or served personally within Montana, the party or the party's attorney must file with the clerk of court in which the claim for relief is pending the following:

(A) an affidavit stating the facts showing that the secretary of state is such agent, as well as the residence and last known address of the person to be served;

(B) sufficient copies of the affidavit, summons, and complaint for service upon the secretary of state; and

(C) $20 to be paid to the secretary of state as a fee for each of the defendants for whom the secretary of state is to receive service. Where service is requested at more than one address, an additional $20 must be paid for each party to be served at each additional address.

**(3)** Upon receipt of the materials specified in Rule 4(p)(2), the clerk must forward to the secretary of state the following:

(A) the original summons;

(B) a copy of both the summons and the affidavit for the files of the secretary of state;

(C) a copy of the summons attached to a copy of the complaint for each of the defendants to be served by service upon the secretary of state; and

(D) the fee.

**(4)** Such service on the secretary of state is sufficient personal service upon the person to be served provided that either:

(A) notice of such service, a copy of the summons, and a copy of the complaint are sent from the secretary of state or a deputy to the party to be served at the party's last known address by registered or certified mail, marked "Deliver to Addressee Only" and "Return Receipt Requested." Either such return receipt purportedly signed by the addressee must be received by the secretary of state, or the postal authority must advise the secretary of state that delivery of the registered or certified mail was refused by the addressee, except in those cases where compliance is excused under the provisions of Rule 4(i). The date upon which the secretary of state receives either the return receipt or the advice of the postal authority is deemed the date of service; or

(B) the secretary of state, or a deputy, may cause a copy of the summons and complaint to be served by any qualified law enforcement officer in accordance with the applicable procedure from Rules 4(e)-(n).

**(5)** The secretary of state or a deputy must make an original and two copies of an affidavit reciting the following:

(A) the fact of service upon the secretary of state by the clerk of court, including the day and hour of such service;

(B) the fact of mailing a copy of the summons, complaint, and notice to the defendant, including the day and hour thereof, except in those cases where such mailing is excused under Rule 4(i), in which cases the affidavit must so recite; and

(C) the fact of receipt of a return from the postal department, including the date and hour thereof. A copy of such return must be attached to the affidavit.

**(6)** The secretary of state, or a deputy, must then transmit to the clerk of court the following, which the clerk must file in the claim for relief:

(A) the original summons;

(B) the original affidavit; and

(C) a copy of the notice to the defendant, when such notice was required.

**(7)** The secretary of state or a deputy must also transmit to the plaintiff's attorney a copy of the secretary of state's or deputy's affidavit, along with a copy of the notice to the defendant where such notice was required.

**(8)** The secretary of state must keep on file in the secretary of state's office copies of the following:

(A) the summons;

(B) the affidavit served on the secretary of state by the clerk of court; and

(C) a copy of the affidavit executed and issued by the secretary of state or a deputy.

**(9)** *Continuance to Allow Defense.* In any of the cases provided for in either this Rule or Rule 4(i), the court in which the claim for relief is pending may order any continuance necessary to afford a reasonable opportunity to defend the action.

**(q) Amendment.** Upon such notice and terms as it deems just, the court in its discretion may allow any process or proof of service thereof to be amended at any time, unless it appears that material prejudice would result to the substantial rights of the party against whom the process issued.

**(r) Proof of Service.**

**(1)** Proving service of the summons and the complaint or notice accompanying the same, if any, must be accomplished as follows:

(A) if by the sheriff or other officer, the sheriff's or other officer's certificate including the time, date, and place of service;

(B) if by any other person, that person's affidavit;

(C) if by publication, an affidavit of the publisher and an affidavit of the deposit of a copy of the summons and complaint in the post office as required by law, if deposited; or

(D) the written admission of the defendant showing the date and place of service.

**(2)** If service is made under Rule 4(d)(3), the sender must file with the court the acknowledgment received.

**(3)** Failure to make proof of service does not affect the validity of service.

**(4)** The required affidavit of service must state the time, date, place, and manner of service. When service is by a person other than the sheriff or person designated by law, the affidavit must also state that the person serving is of legal age and knew the

16

person served to be the person named in the papers served and the person intended to be served.

**(s) Procedure Where Not All Defendants Served.**

**(1)** If the summons is served on one or more, but not all, defendants, plaintiff may proceed to trial and judgment against the served defendant(s).

**(2)** At any time thereafter, plaintiff may serve summons to cause the unserved defendant(s) to appear to show cause why the unserved defendant(s) should not be made a party to such judgment. The court must then hear and determine the matter in the same manner as if the unserved defendant(s) had been originally brought into court. The unserved defendant(s) must also be allowed the benefit of any payment or satisfaction made on the recovered judgment.

**(t) Time Limit for Issuance and Service of Process.**

**(1)** A plaintiff must accomplish service within three years after filing a complaint. Absent an appearance by defendant(s), the court, upon motion or on its own initiative, must dismiss an action without prejudice if the plaintiff fails to do so.

**(2)** A plaintiff who names a fictitious defendant in the complaint pursuant to section 25-5-103 may, within three years of filing the original complaint, amend the complaint to substitute a real defendant for the fictitious defendant. The three-year time period set forth in Rule 4(t)(1) begins to run as to the newly identified defendant from the date of the filing of the original complaint.

**COMMITTEE NOTES**

The language of Rule 4 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Rule 4(a)(11) was added by the Montana Supreme Court.

Rules 4(c)(2)(C) and 4(c)(2)(D) contain language from previous Rules 4D(4) and 4D(5)(h) for the purpose of including all rules regarding the form of a summons in the same rule.

The first two sentences of previous Rule 4D(2) have been moved to Rule 4(d)(1) to make the rule more easily understood and to conform to the Federal Rule.

Rules 4(i) and 4(j) remove the language in previous Rule 4D(2)(e)(iii), because this language in pertinent part simply repeats the language in Rule 4(i)(3)(B). The language regarding the sheriff in previous Rule 4D(2)(e)(iii) is superfluous.

The rule removes the language "organized under the laws of the state, or against a corporation or limited liability company organized under the laws of any other state or

17

country" at the beginning of previous Rule 4D(2)(f), because such language includes all corporations and limited liability companies.

The rule adds "any business entity filed in the office of the secretary of state" in the list of entities which constitute business or nonprofit entities for purpose of this rule.

Previous Rule 4D(4) has been moved to Rule 4(c)(2)(C) for the purpose of including all the rules regarding the form of a summons in the same rule.

Rule 4(d)(3)(C) (acknowledgment of summons) has been changed from 20 to 21 days for the reasons stated in Committee Notes to Rule 6.

Rule 4(o) removes the language "whether known or unknown" from previous Rules 4D(5)(a), 4D(5)(a)(i), and 4D(5)(b), because such language includes all defendants.

Rule 4(o) moves previous Rule 4D(5)(h) to Rule 4(c)(2)(D) for the purpose of including all rules regarding the form of a summons in the same rule.

Rule 4(q) removes the adjective "clearly" to avoid potential ambiguity.

Rule 4(r)(3) incorporates the last sentence of previous Rule 4D(8)(e). This change is meant to apply the principle that "failure to make proof of service does not affect the validity of service" to all situations, thereby putting Rule 4(r) in agreement with the Federal Rule. Rule 4(r)(4) incorporates previous Rule 4D(9) to avoid duplication and foster clarity.

Rule 4(t) removes reference to issuance of summons in favor of a single deadline regarding service of process for simplicity. For process to be served in three years, summons must also have been issued within three years.

Rule 4(t) removes the deadline for the plaintiff to file the summons with the clerk of the court, because the failure to meet this deadline in the rule has no practical effect.

## NOTE

By order entered on December 13, 2016, the Court corrected inadvertently reversed parentheticals in Rule 4(c)(2)(C)(i) and (ii), increased the filing fees in 4(j)(3)(B) and 4(p)(2)(C) to $20, and revised 4(o)(1)(C) for purposes of clarification.

## Rule 4.1. Limited Representation Permitted -- Process.

**(a)** In accordance with Rule 1.2(c) of the Montana Rules of Professional Conduct, an attorney may undertake to provide limited representation to a person involved in a court proceeding.

**(b)** Providing limited representation of a person under these rules shall not constitute an entry of appearance by the attorney for purposes of Rule 5(b) and does not authorize or require the service or delivery of pleadings, papers, or other documents upon the attorney under Rule 5(b).

**(c)** Representation of the person by the attorney at any proceeding before a judge or other judicial officer on behalf of the person constitutes an entry of appearance, except to the extent that a limited notice of appearance as provided for under Rule 4.2 is filed and

served prior to or simultaneous with the actual appearance. Service on an attorney who has made a limited appearance for a party shall be valid only in connection with the specific proceedings for which the attorney appeared, including any hearing or trial at which the attorney appeared and any subsequent motions for presentation of orders.

**(d)** The attorney's violation of this Rule may subject the attorney to sanctions provided in Rule 11.

**NOTE**

The Court enacted Rules 4.1 and 4.2 as Rules 4.2 and 4.3 on March 15, 2011, to take effect on October 1, 2011. Rules 4.1 and 4.2 have been renumbered to fit in with the comprehensive 2011 M. R. Civ. P. revisions.

**Rule 4.2. Notice of Limited Appearance and Withdrawal as Attorney.**

**(a)** Notice of limited appearance. If specifically so stated in a notice of limited appearance filed and served prior to or simultaneous with the proceeding, an attorney's role may be limited to one or more individual proceedings in the action.

**(b)** At the conclusion of such proceedings the attorney's role terminates without the necessity of leave of court, upon the attorney filing notice of completion of limited appearance.

**NOTE**

The Court enacted Rules 4.1 and 4.2 as Rules 4.2 and 4.3 on March 15, 2011, to take effect on October 1, 2011. Rules 4.1 and 4.2 have been renumbered to fit in with the comprehensive 2011 M. R. Civ. P. revisions.

**Rule 5. Serving and Filing Pleadings and other Papers.**

**(a) Service: When Required.**

**(1) *In General.*** Unless these rules provide otherwise, each of the following papers must be served on every party:

(A) An order stating that service is required;

(B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;

(C) a discovery paper required to be served on a party, unless the court orders otherwise;

(D) a written motion and any supporting brief, except one that may be heard ex parte;

(E) a written notice, appearance, demand, or offer of judgment, or any similar paper; and

(F) briefs, supporting appendices, and supporting affidavits.

**(2)** *If a Party Fails to Appear.* No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party in the manner provided for service under Rule 4.

**(3)** *Seizing Property.* If an action is begun by seizing property and no person is or need be named as a defendant, any service required before the filing of an appearance, answer, or claim must be made on the person who had custody or possession of the property when it was seized.

**(b)  Service:  How Made.**

**(1)** *Serving an Attorney.* If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.

**(2)** *Service in General.* A paper is served under this rule by:

(A) handing it to the person;

(B) leaving it:

(i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

(ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

(C) mailing it to the person's last known address -- in which event service is complete upon mailing;

(D) leaving it with the court clerk if the person has no known address;

(E) sending it by electronic means if the person consented in writing -- in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or

(F) delivering it by any other means that the person consented to in writing -- in which event service is complete when the person making service delivers it to the party or agency designated to make delivery.

**(c)  Serving Numerous Defendants.**

**(1)** *In General.* If an action involves an unusually large number of defendants, the court may, on motion or on its own, order that:

>  (A) defendants' pleadings and replies to them need not be served on other defendants;

>  (B) any crossclaim, counterclaim, avoidance, or affirmative defense in those pleadings and replies to them will be treated as denied or avoided by all other parties; and

>  (C) filing any such pleading and serving it on the plaintiff constitutes notice of the pleading to all parties.

**(2)** *Notifying Parties.* A copy of every such order must be served on the parties as the court directs.

**(d) Filing.**

>  **(1)** *Required Filings; Certificate of Service.* Any paper after the complaint that is required to be served -- together with a certificate of service -- must be filed within a reasonable time after service. But the following discovery requests and responses must not be filed until they are used in the proceeding, ordered by the court in the Rule 16 conference, or the court orders filing: depositions or notices thereof, interrogatories, requests for documents or tangible things or to permit entry onto land, requests for admission, expert disclosure reports, and interrogatory answers.

>  **(2)** *How Filing Is Made -- In General.* A paper is filed by delivering it:

>  >  (A) to the clerk; or

>  >  (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk.

>  **(3)** *Electronic Filing, Signing, or Verification.* A court may, by local rule, allow papers to be filed, signed, or verified by electronic means, including facsimile, that are consistent with any technical standards established by the court or local rule. A paper filed by electronic means in compliance with a local rule is a written paper for purposes of these rules.

>  **(4)** *Acceptance by the Clerk.* The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.

### COMMITTEE NOTES

The language of Rule 5 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to

21

make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Rule 5(a)(1)(E) removes the term "designation of record" because it is already addressed in the Appellate Rules.

Rule 5(b)(2)(E) has been added to conform to the Federal Rules. It is added in recognition of the practice of service by admission.

Rule 5(d)(3) allows for electronic filing, including by facsimile. It follows the Federal Rules.

## Rule 5.1. Constitutional Challenge to a Statute -- Notice and Intervention.

**(a) Notice by a Party.** A party that files a pleading, written motion, or other paper challenging the constitutionality of a state statute must promptly file a notice of constitutional question stating the question and identifying the paper that raises it, and serve the notice and paper on the state attorney general either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

**(b) Intervention; Final Decision on the Merits.** Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.

**(c) No Forfeiture.** A party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted.

### COMMITTEE NOTES

Rule 5.1, which replaces previous Rule 24(d), has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

The Committee decided it was more appropriate to place this Rule at 5.1, consistent with the Federal Rules.

## Rule 5.2. Privacy Protection for Filings Made With the Court.

**(a) Redacted Filings.** Unless the court orders or the law requires otherwise, in any filing with the court that contains an individual's social security number, taxpayer identification number, or birth date, or a financial account number, a party or nonparty making the filing must include only:

**(1)** the last four digits of the social security number or taxpayer identification number;

**(2)** the year of the individual's birth; and

**(3)** the last four digits of the financial account number.

**(b) Exemptions from the Redaction Requirement.** The redaction requirement does not apply to the following:

**(1)** a financial account number that identifies the property allegedly subject to forfeiture in a forfeiture proceeding;

**(2)** the record of an administrative or agency proceeding;

**(3)** the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed; and

**(4)** a filing covered by Rule 5.2(c).

**(c) Filings Made Under Seal.** The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.

**(d) Protective Orders.** For good cause, the court may by order in a case:

**(1)** require redaction of additional information;

**(2)** limit or prohibit a nonparty's remote electronic access to a document filed with the court; or

**(3)** provide other guidance regarding privacy and access consistent with the Rules for Privacy and Public Access to Court Records in Montana.

**(e) Option for Additional Unredacted Filing under Seal**. A person making a redacted filing may also file an unredacted copy under seal. The court must retain the unredacted copy as part of the record.

**(f) Option for Filing a Reference List**. A filing that contains redacted information may be filed together with a reference list that identifies each item of redacted information and specifies an appropriate identifier that uniquely corresponds to each item listed. The list must be filed under seal and may be amended as of right. Any reference in the case to a listed identifier will be construed to refer to the corresponding item of information.

**(g) Non-conforming Documents**.

   **(1) *Waiver.*** A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal.

   **(2) *Sanctions.*** If a party fails to comply with this rule, the court on motion of another party or its own motion may order the pleading or other document to be reformed. If the order is not obeyed, the court may order the document stricken.

### COMMITTEE NOTES

Rule 5.2 is similar to the Federal Rule 5.2, and is consistent with the Rules for Privacy and Public Access to Court Records in Montana. The rule is designed to be a reference point for attorneys and parties seeking guidance on how to handle personal and private information that is included in documents filed with the courts.

Rule 5.2 provides instruction on how to redact protected information. For example, only the year of an individual's birth may be included in a document filed with the court, not the entire birth date. For a social security or financial account number, only the last four digits may be included.

Under certain circumstances, a non-redacted document may be included in the court file without the protected information contained in it being made public. Rule 5.2(c) allows the court to order a filing to be made under seal without redaction while Rule 5.2(e) allows a party who makes a redacted filing to also submit a non-redacted document under seal. This is often necessary in family law cases where including information such as social security numbers in key documents is required by federal and state statutes.

Rule 5.2(f) provides an alternate method for protecting personal information. A party may submit a reference list under seal that includes a unique identifier to match each item of protected information involved in the case. The party then may use the unique identifier in its filed documents instead of redacting these documents.

The Montana Supreme Court has adopted Rules 10(7) and 13(2), M. R. App. P., for confidentiality in filings.

### Rule 6. Computing and Extending Time; Time for Motion Papers.

**(a) Computing Time.** The following rules apply in computing any time period specified in these rules, or court order, or in any statute that does not specify a method of computing time.

   **(1) *Period Stated in Days or a Longer Unit.*** When the period is stated in days or a longer unit of time:

      (A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

**(2)** *Period Stated in Hours.* When the period is stated in hours:

(A) begin counting immediately on the occurrence of the event that triggers the period;

(B) count every hour, including hours during intermediate Saturdays, Sundays, and legal holidays; and

(C) if the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday.

**(3)** *Inaccessibility of the Clerk's Office.* Unless the court orders otherwise, if the clerk's office is inaccessible:

(A) on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday; or

(B) during the last hour for filing under Rule 6(a)(2), then the time for filing is extended to the same time on the first accessible day that is not a Saturday, Sunday, or legal holiday.

**(4)** *"Last Day" Defined.* Unless a different time is set by a statute or court order, the last day ends:

(A) for electronic filing, at midnight in the court's time zone; and

(B) for filing by other means, when the clerk's office is scheduled to close.

**(5)** *"Next Day" Defined.* The "next day" is determined by continuing to count forward   when the period is measured after an event and backward when measured before an event.

**(6)** *"Legal Holiday" Defined.* "Legal holiday" means:

(A) the day set aside by statute for observing New Year's Day, Martin Luther King, Jr. Day, Lincoln's and Washington's Birthdays, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day, or state general election day;

(B) any day declared a holiday by the President of the United States or by the Governor of this state; and

(C) for periods that are measured after an event, any other day declared a holiday by the state.

**(b) Extending Time.**

**(1)** *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

**(2)** *Exceptions.* The court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

**(c) Motions, Notices of Hearing, and Affidavits.**

**(1)** *In General.* A written motion and notice of the hearing must be served at least 14 days before the time specified for any hearing, with the following exceptions:

(A) when the motion may be heard ex parte;

(B) when these rules set a different time; or

(C) when a court order -- which a party may, for good cause, apply for ex parte -- sets a different time.

**(2)** *Supporting Affidavit.* Any affidavit supporting a motion must be served with the motion. Except as Rule 59(c) provides otherwise, any opposing affidavit must be served at least 7 days before the hearing, unless the court permits service at another time.

**(d) Additional Time after Certain Kinds of Service.** When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), or (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**COMMITTEE NOTES**

The December 1, 2009 Federal Rule 6 has been adopted almost verbatim (several parts are deleted which apply strictly to the Federal Rule). The Federal rationale for changing the time calculation provisions of Rule 6 is set forth in the following Federal Commission Comment, and has been adopted:

**Subdivision (a).** Subdivision (a) has been amended to simplify and clarify the provisions that describe how deadlines are computed. Subdivision (a) governs the computation of any time period found in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time. In accordance with Rule 83(a)(1), a local rule may not direct that a deadline be computed in a manner inconsistent with subdivision (a).

The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. The amendments thus carry forward the approach taken in *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005) (holding that Civil Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline"), and reject the contrary holding of *In re American Healthcare Management, Inc.*, 900 F.2d 827, 832 (5th Cir. 1990) (holding that Bankruptcy Rule 9006(a) governs treatment of date-certain deadline set by court order). If, for example, the date for filing is "no later than November 1, 2007," subdivision (a) does not govern. But if a filing is required to be made "within 10 days" or "within 72 hours," subdivision (a) describes how that deadline is computed.

Subdivision (a) does not apply when computing a time period set by a statute if the statute specifies a method of computing time. . . .

**Subdivision (a)(1).** New subdivision (a)(1) addresses the computation of time periods that are stated in days. It also applies to time periods that are stated in weeks, months, or years. *See, e.g.,* Rule 60(c)(1). Subdivision (a)(1)(B)'s directive to "count every day" is relevant only if the period is stated in days (not weeks, months or years).

Under former Rule 6(a), a period of 11 days or more was computed differently than a period of less than 11 days. Intermediate Saturdays, Sundays, and legal holidays were included in computing the longer periods, but excluded in computing the shorter periods. Former Rule 6(a) thus made computing deadlines unnecessarily complicated and led to counterintuitive results. For example, a 10-day period and a 14-day period that started on the same day usually ended on the same day -- and the 10-day period not infrequently ended

27

later than the 14-day period. *See Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 686 (6th Cir. 2005).

Under new subdivision (a)(1), all deadlines stated in days (no matter the length) are computed in the same way. The day of the event that triggers the deadline is not counted. All other days -- including intermediate Saturdays, Sundays, and legal holidays -- are counted, with only one exception: If the period ends on a Saturday, Sunday, or legal holiday, then the deadline falls on the next day that is not a Saturday, Sunday, or legal holiday. An illustration is provided below in the discussion of subdivision (a)(5). Subdivision (a)(3) addresses filing deadlines that expire on a day when the clerk's office is inaccessible.

Where subdivision (a) formerly referred to the "act, event, or default" that triggers the deadline, new subdivision (a) refers simply to the "event" that triggers the deadline; this change in terminology is adopted for brevity and simplicity, and is not intended to change meaning.

Periods previously expressed as less than 11 days will be shortened as a practical matter by the decision to count intermediate Saturdays, Sundays, and legal holidays in computing all periods. Many of those periods have been lengthened to compensate for the change. *See, e.g.*, Rule 14(a)(1).

Most of the 10-day periods were adjusted to meet the change in computation method by setting 14 days as the new period. A 14-day period corresponds to the most frequent result of a 10-day period under the former computation method -- two Saturdays and two Sundays were excluded, giving 14 days in all. A 14-day period has an additional advantage. The final day falls on the same day of the week as the event that triggered the period -- the 14th day after a Monday, for example, is a Monday. This advantage of using week-long periods led to adopting 7-day periods to replace some of the periods set at less than 10 days, and 21-day periods to replace 20-day periods. Thirty-day and longer periods, however, were generally retained without change.

**Subdivision (a)(2).** New subdivision (a)(2) addresses the computation of time periods that are stated in hours. No such deadline currently appears in the Federal Rules of Civil Procedure. But some statutes contain deadlines stated in

28

hours, as do some court orders issued in expedited proceedings.

Under subdivision (a)(2), a deadline stated in hours starts to run immediately on the occurrence of the event that triggers the deadline. The deadline generally ends when the time expires. If, however, the time period expires at a specific time (say, 2:17 p.m.) on a Saturday, Sunday, or legal holiday, then the deadline is extended to the same time (2:17 p.m.) on the next day that is not a Saturday, Sunday, or legal holiday. Periods stated in hours are not to be "rounded up" to the next whole hour. Subdivision (a)(3) addresses situations when the clerk's office is inaccessible during the last hour before a filing deadline expires.

Subdivision (a)(2)(B) directs that every hour be counted. Thus, for example, a 72-hour period that commences at 10:23 a.m. on Friday, November 2, 2007, will run until 9:23 a.m. on Monday, November 5; the discrepancy in start and end times in this example results from the intervening shift from daylight saving time to standard time.

**Subdivision (a)(3).** When determining the last day of a filing period stated in days or a longer unit of time, a day on which the clerk's office is not accessible because of the weather or another reason is treated like a Saturday, Sunday, or legal holiday. When determining the end of a filing period stated in hours, if the clerk's office is inaccessible during the last hour of the filing period computed under subdivision (a)(2) then the period is extended to the same time on the next day that is not a weekend, holiday, or day when the clerk's office is inaccessible.

Subdivision (a)(3)'s extensions apply "[u]nless the court orders otherwise." In some circumstances, the court might not wish a period of inaccessibility to trigger a full 24-hour extension; in those instances, the court can specify a briefer extension.

The text of the rule no longer refers to "weather or other conditions" as the reason for the inaccessibility of the clerk's office. The reference to "weather" was deleted from the text to underscore that inaccessibility can occur for reasons unrelated to weather, such as an outage of the electronic filing system. Weather can still be a reason for inaccessibility of the clerk's office. The rule does not attempt to define inaccessibility. Rather, the concept will continue to develop

29

through case law, *see, e.g.*, William G. Phelps, *When Is Office of Clerk of Court Inaccessible Due to Weather or Other Conditions for Purpose of Computing Time Period for Filing Papers Under Rule 6(a) of Federal Rules of Civil Procedure*, 135 A.L.R. Fed. 259 (1996) (collecting cases). In addition, many local provisions address inaccessibility for purposes of electronic filing, *see, e.g.,* D. Kan. Rule 5.4.11 ("A Filing User whose filing is made untimely as the result of a technical failure may seek appropriate relief from the court.").

**Subdivision (a)(4).** New subdivision (a)(4) defines the end of the last day of a period for purposes of subdivision (a)(1). Subdivision (a)(4) does not apply in computing periods stated in hours under subdivision (a)(2), and does not apply if a different time is set by a statute, local rule, or order in the case. . . .

**Subdivision (a)(5).** New subdivision (a)(5) defines the "next" day for purposes of subdivisions (a)(1)(C) and (a)(2)(C). The Federal Rules of Civil Procedure contain both forward-looking time periods and backward-looking time periods. A forward-looking time period requires something to be done within a period of time *after* an event. *See, e.g.,* Rule 59(b) (motion for new trial "must be filed no later than 28 days after entry of the judgment"). A backward-looking time period requires something to be done within a period of time *before* an event. *See, e.g.,* Rule 26(f) (parties must hold Rule 26(f) conference "as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b)"). In determining what is the "next" day for purposes of subdivisions (a)(1)(C) and (a)(2)(C), one should continue counting in the same direction -- that is, forward when computing a forward-looking period and backward when computing a backward-looking period. If, for example, a filing is due within 30 days *after* an event, and the thirtieth day falls on Saturday, September 1, 2007, then the filing is due on Tuesday, September 4, 2007 (Monday, September 3, is Labor Day). But if a filing is due 21 days *before* an event, and the twenty-first day falls on Saturday, September 1, then the filing is due on Friday, August 31. If the clerk's office is inaccessible on August 31, then subdivision (a)(3) extends the filing deadline forward to the next accessible day that is not a

Saturday, Sunday, or legal holiday -- no later than Tuesday, September 4.

**Subdivision (a)(6).** New subdivision (a)(6) defines "legal holiday" for purposes of the Federal Rules of Civil Procedure, including the time-computation provisions of subdivision (a). Subdivision (a)(6) continues to include within the definition of "legal holiday" days that are declared a holiday by the President or Congress.

For forward-counted periods -- *i.e.*, periods that are measured after an event -- subdivision (a)(6)(C) includes certain state holidays within the definition of legal holidays. However, state legal holidays are not recognized in computing backward-counted periods. For both forward- and backward-counted periods, the rule thus protects those who may be unsure of the effect of state holidays. For forward-counted deadlines, treating state holidays the same as federal holidays extends the deadline. Thus, someone who thought that the federal courts might be closed on a state holiday would be safeguarded against an inadvertent late filing. In contrast, for backward-counted deadlines, not giving state holidays the treatment of federal holidays allows filing on the state holiday itself rather than the day before. Take, for example, Monday, April 21, 2008 (Patriot's Day, a legal holiday in the relevant state). If a filing is due 14 days after an event, and the fourteenth day is April 21, then the filing is due on Tuesday, April 22 because Monday, April 21 counts as a legal holiday. But if a filing is due 14 days before an event, and the fourteenth day is April 21, the filing is due on Monday, April 21; the fact that April 21 is a state holiday does not make April 21 a legal holiday for purposes of computing this backward-counted deadline. But note that if the clerk's office is inaccessible on Monday, April 21, then subdivision (a)(3) extends the April 21 filing deadline forward to the next accessible day that is not a Saturday, Sunday or legal holiday --  no earlier than Tuesday, April 22.

The times set in the former rule at 1 or 5 days have been revised to 7 or 14 days.

Montana has deviated from the Federal Rule in two minor respects.  First, Rule 6(a) deleted the words "in any local rule" and Rule 6(a)(4) deleted the words "local rule."  For that reason, unlike the Federal Rules, the time calculation procedure provisions of Rule 6 may not be varied by local rules.

31

Rule 6(a)(4)(A) provides for electronic filing until midnight. The Committee expressly recognizes and endorses the existing practice of facsimile filing in Montana as provided in Rule 5(d)(3). However, until a system of electronic filing is adopted for the district courts, the balance of the language of Rule 6(a)(4)(A) should not be interpreted to allow electronic filing other than by facsimile. For that reason, the Committee expressly notes that e-mail and other electronic filing, except for facsimile filing, is not allowed by this Rule until the Montana Supreme Court indicates otherwise through the adoption of some type of electronic filing system for the district courts.

Rules 6(a)(4)(A) and 6(a)(4)(B) define the recognized legal holidays.

Rule 6(c) has been modified to conform Montana's Rule to Federal Rule 6(c). This provides that notice of a hearing, if any, must be served at least 14 days before the hearing. Montana substituted the word "any" for "the," modifying hearing, so there is no implication that a hearing is mandatory. This may need to be harmonized with Uniform District Court Rule 2, "Motions."

## TITLE III. Pleadings and Motions

### Rule 7. Pleadings Allowed; Form of Motions and Other Papers.

**(a) Pleadings.** Only these pleadings are allowed:

   **(1)** a complaint;

   **(2)** an answer to a complaint;

   **(3)** an answer to a counterclaim designated as a counterclaim;

   **(4)** an answer to a crossclaim;

   **(5)** a third-party complaint;

   **(6)** an answer to a third-party complaint; and

   **(7)** if the court orders one, a reply to an answer.

**(b) Motions and Other Papers.**

   **(1)** *In General.* A request for a court order must be made by motion. The motion must:

      (A) be in writing unless made during a hearing or trial;

      (B) state with particularity the grounds for seeking the order; and

      (C) state the relief sought.

**(2)** *Form.* The rules governing captions and other matters of form in pleadings apply to motions and other papers.

COMMITTEE NOTES

The language of Rule 7 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Previous Rule 7(c) is deleted because it has done its work. If a motion or pleading is described as a demurrer, plea, or exception for insufficiency, the court will treat the paper as if properly captioned.

## Rule 7.1.  Disclosure Statement.

**(a)  Who Must File; Contents.**  A nongovernmental corporate party must file and serve a disclosure statement that:

**(1)** identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or

**(2)** states that there is no such corporation.

**(b)  Time to File; Supplemental Filing.**  A party must:

**(1)** file and serve the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

**(2)** promptly file and serve a supplemental statement if any required information changes**.**

COMMITTEE NOTES

Rule 7.1 adopts the relevant language of the Federal Rules of Civil Procedure. Montana did not previously have a current Rule 7.1.

## Rule 8.  General Rules of Pleading.

**(a)  Claim for Relief.**  A pleading which states a claim for relief must contain:

**(1)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

**(2)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

**(b) Defenses; Admissions and Denials.**

**(1) *In General.*** In responding to a pleading, a party must:

(A) state in short and plain terms its defenses to each claim asserted against it; and

(B) admit or deny the allegations asserted by an opposing party.

**(2) *Denials -- Responding to the Substance.*** A denial must fairly respond to the substance of the allegation.

**(3) *General and Specific Denials.*** A party that intends in good faith to deny all the allegations of a pleading -- including the jurisdictional grounds -- may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

**(4) *Denying Part of an Allegation.*** A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

**(5) *Lacking Knowledge or Information.*** A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

**(6) *Effect of Failing to Deny.*** An allegation -- other than one relating to the amount of damages -- is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

**(c) Affirmative Defenses.**

**(1) *In General.*** In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense including, but not limited to:

- accord and satisfaction;
- action on advice of counsel;
- arbitration and award;
- assumption of risk;
- comparative negligence;
- discharge in bankruptcy;
- duress;
- estoppel;
- failure of consideration;
- fraud;

- illegality;
- injury by fellow servant;
- laches;
- license;
- payment;
- release;
- res judicata;
- statute of frauds;
- statute of limitations; and
- waiver.

**(2)** *Mistaken Designation.* If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.

**(d)  Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.**

**(1)** *In General.* Each allegation must be simple, concise, and direct. No technical form is required.

**(2)** *Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

**(3)** *Inconsistent Claims or Defenses.* A party may state as many separate claims or defenses as it has, regardless of consistency.

**(e)  Construing Pleadings.**  Pleadings must be construed so as to do justice.

**COMMITTEE NOTES**

The language of Rule 8 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

**Rule 9.  Pleading Special Matters.**

**(a)  Capacity or Authority to Sue; Legal Existence.**

**(1)** *In General.*  A pleading need not allege:

(A)  a party's capacity to sue or be sued;

35

(B) a party's authority to sue or be sued in a representative capacity; or

(C) the legal existence of an organized association of persons that is made a party.

**(2)** *Raising Those Issues.* To raise any of those issues, a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge.

**(b) Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

**(c) Conditions Precedent.** In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

**(d) Official Document or Act.** In pleading an official document or official act, it suffices to allege that the document was legally issued or the act legally done.

**(e) Judgment.** In pleading a judgment or decision of a domestic or foreign court, a judicial or quasi-judicial tribunal, or a board or officer, it suffices to plead the judgment or decision without showing jurisdiction to render it.

**(f) Time and Place.** An allegation of time or place is material when testing the sufficiency of a pleading.

**(g) Special Damages.** If an item of special damage is claimed, it must be specifically stated.

COMMITTEE NOTES

The language of Rule 9 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and conform them to the recent changes in the Federal Rules.

**Rule 10. Form of Pleadings.**

**(a) Caption; Names of Parties.** Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

**(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence -- and each defense other than a denial -- must be stated in a separate count or defense.

**(c) Adoption by Reference; Exhibits.** A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

**COMMITTEE NOTES**

The language of Rule 10 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and conform them to the recent changes in the Federal Rules.

## Rule 11. Signing Pleadings, Motions, and other Papers; Representations to the Court; Sanctions.

**(a) Signature.** Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name -- or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number, if any. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

37

**(c) Sanctions.**

**(1) *In General.*** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

**(2) *Motion for Sanctions.*** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney fees, incurred for the motion.

**(3) *On the Court's Initiative.*** On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

**(4) *Nature of a Sanction.*** A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney fees and other expenses directly resulting from the violation.

**(5) *Limitations on Monetary Sanctions.*** The court must not impose a monetary sanction:

(A) against a represented party for violating Rule 11(b)(2); or

(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

**(6) *Requirements for an Order.*** An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

**(d) Inapplicability to Discovery.** This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

**(e) Limited Scope Representation.** An attorney may help to draft a pleading, motion, or document filed by an otherwise self-represented person, and the attorney need not sign that pleading, motion, or document. The attorney in providing such drafting assistance

may rely on the otherwise self-represented person's representation of facts, unless the attorney has reason to believe that such representations are false or materially insufficient, in which instance the attorney shall make an independent reasonable inquiry into the facts.

**COMMITTEE NOTES**

The language of Rule 11 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Rule 11(a)(2) requires the signor of pleadings to include a telephone number consistent with the revised Federal Rules and most local rules.

Rule 11(c)(2) is substantively changed to follow the Federal approach which provides that a sanctions motion must be served but not filed until 21 days after service. This gives the targeted party the chance to withdraw the offending document.

The Court adopted the language in Rule 11(e) as part of rule amendments to encourage limited scope representation, by order dated March 15, 2011. It has been renumbered to fit in with the comprehensive 2011 revision of these rules.

**Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing.**

**(a) Time to Serve a Responsive Pleading.**

**(1) *In General.*** Unless another time is specified by this rule or a statute, the time for serving a responsive pleading is as follows:

(A) A defendant must serve an answer within 21 days after being served with the summons and complaint, unless the court orders otherwise under Rule 4(c)(2)(C).

(B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

(C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

**(2) *State of Montana and Its Agencies, Officers, or Employees Sued in an Official Capacity.*** The State of Montana, a state agency, or a state officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 42 days after service on the attorney general.

**(3) *State Officers or Employees Sued in an Individual Capacity.*** A state officer or employee sued in an individual capacity for an act or omission occurring in

connection with duties performed on the state's behalf must serve an answer to a complaint, counterclaim, or crossclaim within 42 days after service on the officer or employee or service on the attorney general, whichever is later.

**(4)** *Effect of a Motion.* Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

**(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

**(1)** lack of subject-matter jurisdiction;

**(2)** lack of personal jurisdiction;

**(3)** improper venue;

**(4)** insufficient process;

**(5)** insufficient service of process;

**(6)** failure to state a claim upon which relief can be granted; and

**(7)** failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion. If a court grants a motion made under subsection (3), any other defenses presented must be decided by the court in the proper venue, and not by the court in which the action is commenced.

**(c) Motion for Judgment on the Pleadings.** After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings.

**(d) Result of Presenting Matters outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the

court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

**(e) Motion for a More Definite Statement.**  A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

**(f) Motion to Strike.**  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

   **(1)** on its own; or

   **(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

**(g) Joining Motions.**

   **(1)** *Right to Join.*  A motion under this rule may be joined with any other motion allowed by this rule.

   **(2)** *Limitation on Further Motions.*  Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

**(h) Waiving and Preserving Certain Defenses.**

   **(1)** *When Some Are Waived.*  A party waives any defense listed in Rule 12(b)(2)-(5) by:

      (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

      (B) failing to either:

         (i) make it by motion under this rule;

         (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course; or

         (iii) for the defense of improper venue, show good cause within 21 days of an event providing reason to believe that an impartial trial cannot be

41

had in the county in which the action is commenced under section 25-2-201(2).

**(2)** ***When to Raise Others.*** Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

    (A) in any pleading allowed or ordered under Rule 7(a);

    (B) by a motion under Rule 12(c); or

    (C) at trial.

**(3)** ***Lack of Subject Matter Jurisdiction.*** If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.

**(i)**   **Hearing before Trial.** If a party so moves, any defense listed in Rule 12(b)(1)-(7) -- whether made in a pleading or by motion -- and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

**COMMITTEE NOTES**

The language of Rule 12 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. The times set in the former Rule at 10 or 20 days have been revised to 14 or 21 days. *See* Committee Notes to Rule 6.

Rule 12(a)(3) is a substantive amendment taken from the 2000 Amendments to the Federal Rules. The Federal Committee Note explains: "Time is needed for the [State] to determine whether to provide representation to the defendant officer or employee. If the [State] provides representation, the need for an extended answer period is the same as in actions against the [State], a [State] agency, or a [State] officer sued in an official capacity." The time set for the State to answer in Rules 12(a)(2) and (3) is 42 days, following the 7-day increment approach of Rule 6.

Rule 12(a)(4) is a clarifying amendment taken from the restyled 2007 Federal Rules. The Federal Committee Note explains: "Former Rule [12(a)] referred to an [action] that postpones disposition of a motion 'until [] trial on the merits.' Rule 12(a)(4) now refers to postponing disposition 'until trial.' The new expression avoids the ambiguity that inheres in 'trial on the merits,' which may become confusing when there is a separate trial of a single issue or another event different from a single all-encompassing trial."

Rule 12(b)(3) reincorporates improper venue as a Rule 12(b) defense, replacing the 1965 Amendment adding subsections 12(b)(i)-(iii), which originally were intended to clarify the procedure for change of venue under section 25-2-201. Subsection (i) was an unnecessary reference to the venue statute, which like other statutory defenses

presentable under Rule 12(b) controls regardless of whether it is incorporated into the rules. Subsection (ii) required presentation of "every defense in law or fact" in a change of venue motion, and reserved consideration of those other defenses for the new court if the original court granted the change in venue; Rules 12(g)(2) and 12(h)(1) already require the presentation of all available defenses under 12(b)(2)-(5) in a Rule 12(b) motion under penalty of waiver, and the final sentence of Rule 12(b) retains the reservation of non-venue defenses for the new court. Subsection (iii) repeats the 21-day response requirement applicable to all 12(b) motions, but provides for later change of venue within 21 days after the discovery of reason to believe that an impartial trial cannot be had in the original venue; this exception to the 21-day response rule has been relocated to Rule 12(h), which addresses waiver and preservation of defenses.

Rule 12(d), addressing hearings on 12(b) defenses before trial, and Rule 12(i), addressing the conversion of a Rule 12 motion presenting matters outside the pleadings to a Rule 56 motion for summary judgment, have been switched to reflect the usual order in which they may be asserted in a case. This revision conforms with the restyled Federal Rules of Civil Procedure effective December 1, 2007.

**Rule 13. Counterclaim and Crossclaim.**

**(a) Compulsory Counterclaim.**

**(1) *In General.*** A pleading must state as a counterclaim any claim that -- at the time of its service -- the pleader has against an opposing party if the claim:

(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

(B) does not require adding another party over whom the court cannot acquire jurisdiction.

**(2) *Exceptions.*** The pleader need not state the claim if:

(A) when the action was commenced, the claim was the subject of another pending action; or

(B) the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule.

**(b) Permissive Counterclaims.** A pleading may state as a counterclaim against an opposing party any claim that is not compulsory.

**(c) Relief Sought in a Counterclaim.** A counterclaim need not diminish or defeat the recovery sought by the opposing party. It may request relief that exceeds in amount or differs in kind from the relief sought by the opposing party.

**(d) Counterclaim against the State.**  These rules do not expand the right to assert a counterclaim -- or to claim a credit -- against the State of Montana or a state officer or agency.

**(e) Counterclaim Maturing or Acquired after Pleading.**  The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading.

**(f)**  [Abrogated.]

**(g) Crossclaim against a Coparty.**  A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

**(h) Joining Additional Parties.**  Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim.

**(i) Separate Trials; Separate Judgments.**  If the court orders separate trials under Rule 42(b), it may enter judgment on a counterclaim or crossclaim under Rule 54(b) when it has jurisdiction to do so, even if the opposing party's claims have been dismissed or otherwise resolved.

**COMMITTEE NOTES**

The language of Rule 13 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Rule 13(b) is a clarifying amendment taken from the restyled 2007 Federal Rules. The Federal Committee Note explains:  "The meaning of former Rule 13(b) is better expressed by deleting 'not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.'  Both as a matter of intended meaning and current practice, a party may state as a permissive counterclaim a claim that does not grow out of the same transaction or occurrence as an opposing party's claim even though one of the exceptions in Rule 13(a) means the claim is not a compulsory counterclaim."

The Committee followed the Federal lead in deleting Rule 13(f) as redundant of Rule 15 and potentially confusing because of that.  The following Federal Comment to the 2009 Amendment to Rule 13 explains the purpose of the deletion:

> Rule 13(f) is deleted as largely redundant and potentially misleading.  An amendment to add a counterclaim will be governed by Rule 15.   Rule 15(a)(1) permits some

amendments to be made as a matter of course or with the opposing party's written consent. When the court's leave is required, the reasons described in Rule 13(f) for permitting amendment of a pleading to add an omitted counterclaim sound different from the general amendment standard in Rule 15(a)(2), but seem to be administered -- as they should be -- according to the same standard directing that leave should be freely given when justice so requires. The independent existence of Rule 13(f) has, however, created some uncertainty as to the availability of relation back of the amendment under Rule 15(c). *See* 6 C. Wright, A. Miller & M. Kane*, Federal Practice & Procedure: Civil 2d*, § 1430 (1990). Deletion of Rule 13(f) ensures that relation back is governed by the tests that apply to all other pleading amendments.

The Committee recommends that, in order to conform to the Federal numbering and lettering system as closely as possible, Rule 13(f) will maintain its place as 13(f) in the Rule but with the simple indication of "Abrogated." Rules 13(g), (h), and (i) remain as lettered.

## Rule 14. Third-Party Practice.

### (a) When a Defending Party May Bring in a Third Party.

**(1) *Timing of the Summons and Complaint.*** A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

**(2) *Third-Party Defendant's Claims and Defenses.*** The person served with the summons and third-party complaint -- the "third-party defendant":

(A) must assert any defense against the third-party plaintiff's claim under Rule 12;

(B) must assert any counterclaim against the third-party plaintiff under Rule 13(a), and may assert any counterclaim against the third-party plaintiff under Rule 13(b) or any crossclaim against another third-party defendant under Rule 13(g);

(C) may assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim; and

45

(D) may also assert against the plaintiff any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

**(3)** ***Plaintiff's Claims against a Third-Party Defendant.*** The plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The third-party defendant must then assert any defense under Rule 12 and any counterclaim under Rule 13(a), and may assert any counterclaim under Rule 13(b) or any crossclaim under Rule 13(g).

**(4)** ***Motion to Strike, Sever, or Try Separately.*** Any party may move to strike the third-party claim, to sever it, or to try it separately.

**(5)** ***Third-Party Defendant's Claim against a Nonparty.*** A third-party defendant may proceed under this rule against a nonparty who is or may be liable to the third-party defendant for all or part of any claim against it.

**(b) When a Plaintiff May Bring in a Third Party.** When a claim is asserted against a plaintiff, the plaintiff may bring in a third party if this rule would allow a defendant to do so.

## COMMITTEE NOTES

The language of Rule 14 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. To conform to the Federal Rule, the time in Rule 14(a)(1) has been changed from 30 to 14 days (the time in which a third party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint after serving its original answer).

Rules 13(a)(2)(B) and (a)(3) contain clarifying amendments taken from the restyled 2007 Federal Rules. The Federal Committee Note explains: "Former Rule 14 twice refers to counterclaims under Rule 13. In each case, the operation of Rule 13(a) depends on the state of the action at the time the pleading is filed. If plaintiff and third-party defendant have become opposing parties because one has made a claim for relief against the other, Rule 13(a) requires assertion of any counterclaim that grows out of the transaction or occurrence that is the subject matter of that claim. Rules 14(a)(2)(B) and (a)(3) reflect the distinction between compulsory and permissive counterclaims."

Rule 14(b) contains a "style-substance" amendment changing the term "counterclaim" to "claim" taken from the restyled 2007 Federal Rules. The Federal Committee Note explains: "A plaintiff should be on equal footing with the defendant in making third-party claims, whether the claim against the plaintiff is asserted as a counterclaim or as another form of claim. The limit imposed by the former reference to 'counterclaim' is deleted."

46

**Rule 15.  Amended and Supplemental Pleadings.**

**(a)  Amendments before Trial.**

**(1)** *Amending as a Matter of Course.*  A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it; or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2)** *Other Amendments.*  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

**(3)** *Time to Respond.*  Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

**(b)  Amendments During and After Trial.**

**(1)** *Based on an Objection at Trial.*  If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

**(2)** *For Issues Tried by Consent.*  When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move -- at any time, even after judgment -- to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

**(c)  Relation Back of Amendments.**

**(1)** *When an Amendment Relates Back.*  An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

47

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(t) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

**(2)** *Notice to the State of Montana and Other Public Bodies.* When the State of Montana, local government, or a state or local officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was served as provided by Rule 4(k) and (l).

**(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

**COMMITTEE NOTES**

Rule 15 of the Federal Rules was substantially modified and Montana has elected to follow these Federal modifications. The Federal Committee Comment to Rule 15, which explains the changes and the rationale, is as follows:

Rule 15(a)(1) is amended to make three changes in the time allowed to make one amendment as a matter of course.

Former Rule 15(a) addressed amendment of a pleading to which a responsive pleading is required by distinguishing between the means used to challenge the pleading. Serving a responsive pleading terminated the right to amend. Serving a motion attacking the pleading did not terminate the right to amend, because a motion is not a "pleading" as defined in Rule 7. The right to amend survived beyond decision of the motion unless the decision expressly cut off the right to amend.

The distinction drawn in former Rule 15(a) is changed in two ways. First, the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f). This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.

Second, the right to amend once as a matter of course is no longer terminated by service of a responsive pleading. The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise. Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits one amendment as a matter of course in response to a responsive pleading. The right is subject to the same 21-day limit as the right to amend in response to a motion.

The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period.

Finally, amended Rule 15(a)(1) extends from 20 to 21 days the period to amend a pleading to which no responsive pleading is allowed and omits the provision that cuts off the right if the action is on the trial calendar. Rule 40 no longer refers to a trial calendar, and many courts have abandoned formal trial calendars. It is more effective to rely on scheduling orders or other pretrial directions to establish time limits for amendment in the few situations that otherwise might allow one amendment as a matter of course at a time that would disrupt trial preparations. Leave to amend still can be sought under Rule 15(a)(2), or at and after trial under Rule 15(b).

Amended Rule 15(a)(3) extends from 10 to 14 days the period to respond to an amended pleading.

Abrogation of Rule 13(f) establishes Rule 15 as the sole rule governing amendment of a pleading to add a counterclaim.

The times set in the former rule at 10 or 20 days have been
revised to 14 or 21 days.  See the Note to Rule 6.

Rule 15(c)(1)(C)(i) is a clarifying amendment taken from the restyled 2007 Federal Rules.  The Federal Committee Note explains:  "Former Rule 15(c)(3)(A) called for notice of the 'institution' of the action.  Rule 15(c)(1)(C)(i) omits the reference to 'institution' as potentially confusing.  What counts is that the party to be brought in has notice of the existence of the action, whether or not the notice includes details as to its 'institution.'"

**Rule 16.  Pretrial Conferences; Scheduling; Management.**

**(a)  Purposes of a Pretrial Conference.**  In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as:

**(1)** expediting disposition of the action;

**(2)** establishing early and continuing control so that the case will not be protracted because of lack of management;

**(3)** discouraging wasteful pretrial activities;

**(4)** improving the quality of the trial through more thorough preparation; and

**(5)** facilitating settlement.

**(b)  Scheduling.**

**(1)** *Scheduling Order.*  Upon request by a party, except in categories of actions exempted by district court rule, the judge must issue a scheduling order after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference or by telephone, mail, or other means.

**(2)** *Time to Issue.*  The judge must issue the scheduling order as soon as practicable, but in any event within 90 days of a request by a party.

**(3)** *Contents of the Order.*

(A) *Required Contents.* The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.

(B) *Permitted Contents.* The scheduling order may:

(i) modify the timing of disclosures under Rules 26(a) and 26(e)(1);

(ii) modify the extent of discovery;

(iii) provide for disclosure or discovery of electronically stored information;

(iv) include any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after information is produced;

(v) set dates for pretrial conferences and for trial; and

(vi) include other appropriate matters.

**(4) *Modifying a Schedule.*** A schedule may be modified only for good cause and with the judge's consent.

**(c) Attendance and Matters for Consideration at a Pretrial Conference.**

**(1) *Attendance.*** A represented party must authorize at least one of its attorneys to make stipulations and admissions about all matters that can reasonably be anticipated for discussion at a pretrial conference. If appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement.

**(2) *Matters for Consideration.*** At any pretrial conference, the court may consider and take appropriate action on the following matters:

(A) formulating and simplifying the issues, and eliminating frivolous claims or defenses;

(B) amending the pleadings if necessary or desirable;

(C) obtaining admissions and stipulations about facts and documents to avoid unnecessary proof, and ruling in advance on the admissibility of evidence;

(D)  avoiding unnecessary proof and cumulative evidence, and limiting the use of testimony under M. R. Evid. 702;

(E) determining the appropriateness and timing of summary adjudication under Rule 56;

(F) controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37;

(G) identifying witnesses and documents, scheduling the filing and exchange of any pretrial briefs, and setting dates for further conferences and for trial;

(H) referring matters to a master;

51

(I) settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule;

(J) determining the form and content of the pretrial order;

(K) disposing of pending motions;

(L) adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems;

(M) ordering a separate trial under Rule 42(b) of a claim, counterclaim, crossclaim, third-party claim, or particular issue;

(N) ordering the presentation of evidence early in the trial on a manageable issue that might, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c);

(O) establishing a reasonable limit on the time allowed to present evidence; and

(P) the time for submission of proposed findings of fact and conclusions of law in a non-jury action, or proposed instructions to the jury and the form of verdict in a jury action; and

(Q)  facilitating in other ways the just, speedy, and inexpensive disposition of the action.

**(d)  Pretrial Orders.**   After any conference under this rule, the court should issue an order reciting the action taken. This order controls the course of the action unless the court modifies it.

**(e)  Final Pretrial Conference and Orders.**   The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. The conference must be held as close to the start of trial as is reasonable, and must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party. The court may modify the order issued after a final pretrial conference only to prevent manifest injustice.

**(f)  Sanctions.**

**(1) *In General.***   On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate -- or does not participate in good faith -- in the conference; or

(C)  fails to obey a scheduling or other pretrial order.

**(2) *Imposing Fees and Costs.*** Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses -- including attorney fees -- incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

## COMMITTEE NOTES

The language of Rule 16 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Rule 16(b)(2) contains a substantive amendment drafted by the Committee.  The amendment replaces the judge's duty to issue a scheduling order 120 days after filing a complaint with a party's right to request a scheduling order that must issue 90 days after the request.  The purpose of the amendment is to allow each party to assess the need and timing for a scheduling order, and to avoid premature issuance of a scheduling order when the parties agree such an order is not yet necessary.

Rules 16(b)(3)(iv) and 16(c)(2)(D)-(F), (M)-(P) contain a substantive but non-binding amendment taken from the 2006 and 1993 Amendments to the Federal Rules, respectively.  The 1993 Federal Committee Note explains: "The primary purposes of the changes in subdivision (c) are to call attention to the opportunities for structuring of trial under Rules 42, 50, and 52 and to eliminate questions that have occasionally been raised regarding the authority of the court to make appropriate orders designed either to facilitate settlement or to provide for an efficient and economical trial."

Rule 16(c)(1) contains a substantive amendment taken from the 1993 and 2007 Amendments to the Federal Rules.  The 1993 Federal Committee Note explains in part: "[I]ndeed, a conference is most effective and productive when the parties participate in a spirit of cooperation and mindful of their responsibilities under Rule 1."

Rules 16(d) and 16(e) have been switched to reflect the usual order in which they arise.

## TITLE IV.  Parties

## Rule 17.  Plaintiff and Defendant; Capacity; Public Officers.

**(a)  Real Party in Interest.**

**(1) *Designation in General.*** An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:

(A) an executor;

(B) an administrator;

(C) a guardian;

(D) a bailee;

(E) a trustee of an express trust;

(F) a party with whom or in whose name a contract has been made for another's benefit; and

(G) a party authorized by statute.

**(2) *Action in the Name of the State of Montana for Another's Use or Benefit.*** When a state statute so provides, an action for another's use or benefit must be brought in the name of the State of Montana.

**(3) *Joinder of the Real Party in Interest.*** The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

**(b) Capacity to Sue or be Sued.** Capacity to sue or be sued is determined by appropriate statutory provisions.

**(c) Minor or Incompetent Person.**

**(1) *With a Representative.*** The following representatives may sue or defend on behalf of a minor or an incompetent person:

(A) a general guardian;

(B) a committee;

(C) a conservator; or

(D) a like fiduciary.

**(2) *Without a Representative.*** A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action.

**(d) Public Officer's Title and Name.** A public officer who sues or is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added.

**COMMITTEE NOTES**

The language of Rule 17 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Rule 17(d) incorporates the provisions of previous Rule 25(d)(2), which fit better with Rule 17.

**Rule 18. Joinder of Claims.**

**(a) In General.** A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.

**(b) Joinder of Contingent Claims.** A party may join two claims even though one of them is contingent on the disposition of the other; but the court may grant relief only in accordance with the parties' relative substantive rights. In particular, a plaintiff may state a claim for money and a claim to set aside a conveyance that is fraudulent as to that plaintiff, without first obtaining a judgment for the money. In tort cases, this rule does not allow a liability or indemnity insurance carrier to join, unless under law or a contract the carrier is directly liable to the person injured or damaged.

**COMMITTEE NOTES**

The language of Rule 18 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

The final sentence in Rule 18(b) restates a limitation on joinder in tort cases by insurance carriers that has no counterpart in the Federal Rules.

**Rule 19. Required Joinder of Parties.**

**(a) Persons Required to be Joined if Feasible.**

**(1) *Required Party.*** A person who is subject to service of process must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i)  as a practical matter impair or impede the person's ability to protect the interest; or

(ii)  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

**(2) *Joinder by Court Order.*** If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

**(3) *Venue.*** If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

**(b)  When Joinder is not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

**(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

**(2)** the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

**(3)** whether a judgment rendered in the person's absence would be adequate; and

**(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

**(c)  Pleading the Reasons for Nonjoinder.** When asserting a claim for relief, a party must state:

**(1)**  the name, if known, of any person who is required to be joined if feasible but is not joined; and

**(2)** the reasons for not joining that person.

**(d) Exception for Class Actions.** This rule is subject to Rule 23.

**COMMITTEE NOTES**

The language of Rule 19 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

## Rule 20.  Permissive Joinder of Parties.

**(a ) Persons Who May Join or Be Joined.**

**(1) *Plaintiffs.*** Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

**(2) *Defendants.*** Persons may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

**(3) *Extent of Relief.*** Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

**(b )  Protective Measures.** The court may issue orders -- including an order for separate trials -- to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party.

**COMMITTEE NOTES**

The language of Rule 20 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

**Rule 21. Misjoinder and Non-Joinder of Parties.** Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

**COMMITTEE NOTES**

The language of Rule 21 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

**Rule 22. Interpleader.**

**(a) Joinder, cross-claim, or counterclaim.**

**(1) *By a Plaintiff.*** Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:

(A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or

(B) the plaintiff denies liability in whole or in part to any or all of the claimants.

**(2) *By a Defendant.*** A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.

**(b) Substitution.**

**(1) *Grounds.*** A defendant in a contract or property action may substitute as the defendant a person who is not a party and who demands the same debt or property at issue in the action, upon motion made:

(A) before the defendant files an answer;

(B) with due notice to the person not a party and to the plaintiff; and

(C) upon affidavit that a person not a party to the action:

(i) makes against the defendant a demand for the same debt or property, and

(ii) is not colluding with the defendant.

**(2)** *Deposit of Debt or Delivery of Property.* A defendant substituted under this rule must, at the court's discretion, either:

(A) deposit in court the amount of the debt at issue; or

(B) deliver the property at issue or its value to such person as the court may direct.

**(3)** *Discharge of Liability.* A defendant's deposit of debt or delivery of property under subsection (b)(2) discharges the defendant's liability to either the plaintiff or the substitute defendant.

### COMMITTEE NOTES

The language of Rule 22 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Rule 22(b) restates a procedure for interpleading a substitute defendant by deposit of property at issue that has no counterpart in the Federal Rules.

## RULE 23. Class Actions.

**(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

**(1)** the class is so numerous that joinder of all members is impracticable;

**(2)** there are questions of law or fact common to the class;

**(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

**(4)** the representative parties will fairly and adequately protect the interests of the class.

**(b) Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:

**(1)** prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

59

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

**(2)** the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

**(3)** the court finds that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to the findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D)  the likely difficulties in managing a class action.

**(c) Certification Order; Notice to Class Members; Judgment; Issues Classes; Subclasses.**

**(1)** *Certification Order.*

(A) *Time to Issue.*  At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.

(B) *Defining the Class; Appointing Class Counsel.*  An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g).

(C) *Altering or Amending the Order.*  An order that grants or denies class certification may be altered or amended before final judgment.

**(2)** *Notice.*

(A) *For (b)(1) or (b)(2) Classes.*  For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class.

(B) *For (b)(3) Classes.* For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:

(i)   the nature of the action;

(ii)  the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v)  that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

**(3) *Judgment.*** Whether or not favorable to the class, the judgment in a class action must:

(A) for any class certified under Rule 23(b)(1) or (b)(2), include and describe those whom the court finds to be class members; and

(B) for any class certified under Rule 23(b)(3), include and specify or describe those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members.

**(4) Particular Issues.** When appropriate, an action may be brought or maintained as a class action with respect to particular issues.

**(5) Subclasses**. When appropriate, a class may be divided into subclasses that are each treated as a class under this rule.

**(d) Conducting the Action.**

**(1) *In General.*** In conducting an action under this rule, the court may issue orders that:

(A) determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument;

61

(B) require -- to protect class members and fairly conduct the action -- giving appropriate notice to some or all class members of:

(i) any step in the action;

(ii) the proposed extent of the judgment; or

(iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise come into the action;

(C) impose conditions on the representative parties or on intervenors;

(D) require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly; or

(E) deal with similar procedural matters.

**(2)** *Combining and Amending Orders.* An order under Rule 23(d)(1) may be altered or amended from time to time and may be combined with an order under Rule 16.

**(e) Settlement, Voluntary Dismissal, or Compromise.** The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:

**(1)** The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

**(2)** If the proposal would bind class members, the court may approve it only after a hearing on finding that it is fair, reasonable, and adequate.

**(3)** The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

**(4)** If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

**(5)** Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

**(f) Appeals.** Appeal may be filed from an order granting or denying class action certification under this rule, or an order finally and definitively rejecting a proposed class settlement, by notice of appeal filed within the time allowed for appeals under the

Montana Rules of Appellate Procedure. An appeal does not stay proceedings in the district court unless the district judge or supreme court so orders.

**(g) Class Counsel.**

    **(1)** *Appointing Class Counsel.* Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:

        (A) may consider:

            (i) the work counsel has done in identifying or investigating potential claims in the action;

            (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

            (iii) counsel's knowledge of the applicable law; and

            (iv) the resources that counsel will commit to representing the class;

        (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

        (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs;

        (D) may include in the appointing order provisions about the award of attorney fees or nontaxable costs under Rule 23(h); and

        (E) may make further orders in connection with the appointment.

    **(2)** *Standard for Appointing Class Counsel.* When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4). If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class.

    **(3)** *Interim Counsel.* The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.

    **(4)** *Duty of Class Counsel.* Class counsel must fairly and adequately represent the interests of the class.

**(h) Attorney Fees and Nontaxable Costs.** In a certified class action, the court may award reasonable attorney fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:

**(1)** A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

**(2)** A class member, or a party from whom payment is sought, may object to the motion.

**(3)** The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).

**(i) Disposition of Residual Funds.**

**(1)** "Residual Funds" are funds that remain after the payment of all approved class member claims, expenses, litigation costs, attorneys' fees and other court-approved disbursements. This rule does not prohibit the trial court from approving a settlement that does not create residual funds.

(2) "Access to Justice Organization" means a Montana non-profit entity whose purpose is to support activities and programs that promote access to the Montana civil justice system.

(3) Any order entering a judgment or approving a proposed compromise of a class action certified under this rule that establishes a process for identifying and compensating members of the class shall provide for disbursement of residual funds. In matters where the claims process has been exhausted and residual funds remain, not less than fifty percent (50%) of the residual funds shall be disbursed to an Access to Justice Organization to support activities and programs that promote access to the Montana civil justice system. The court may disburse the balance of any residual funds beyond the minimum percentage to an Access to Justice Organization or to another non-profit entity for purposes that have a direct or indirect relationship to the objectives of the underlying litigation or otherwise promote the substantive or procedural interests of members of the certified class.

**COMMITTEE NOTES**

The language of Rule 23 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are substantive and are intended to follow the Federal Class Action Rule. The most significant changes are in Rules 24(f), (g), and (h) which are addressed below.

Rule 23(f)(1) follows Federal Rule 23(f) which governs the taking of an appeal from the order of the district court granting or denying class action certification. There was no previous Montana counterpart to this Rule. Rule 23(f)(2), regarding appeal from

an order rejecting a proposed class settlement, does not have a counterpart in the Federal Rules, but is based on the recommendation of the American Law Institute, Committee on Aggregate Litigation, Principles of the Law of Aggregate Litigation, Discussion Draft 2, section 3.12.

Federal Rule 23(f)(1) allows an interlocutory appeal in 10 days. Despite the Rule 6 changes to follow 7-day increments with respect to time calculation in most Rules, the 10-day period of the Federal Rule was not changed because such change would have necessitated a companion statutory change. There is no statutory constraint in Montana. For that reason, Montana has followed the 7-day increment approach so that Rules 23(f)(1) and (2) have 14-day interlocutory appeal periods, not 10 as in the Federal Rule.

Rules 23(g) and (h) govern the important subjects of appointment of class counsel and payment of attorney fees and costs to class counsel. Previous Rule 23 did not speak to these two subjects, which is a glaring omission. The appointment of class counsel and the award of fees and costs to class counsel are obviously important subjects that must be addressed in Rule 23.

## Rule 23.1. Derivative Actions.

**(a) Prerequisites.** This rule applies when one or more shareholders or members of a corporation or an unincorporated association bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association.

**(b) Pleading Requirements.** The complaint must be verified and must:

> **(1)** allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;

> **(2)** allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and

> **(3)** state with particularity:

>> (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and

>> (B) the reasons for not obtaining the action or not making the effort.

**(c) Settlement, Dismissal, and Compromise.** A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a

proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders.

**COMMITTEE NOTES**

The language of Rule 23.1 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

**Rule 23.2. Actions Relating to Unincorporated Associations.** This rule applies to an action brought by or against the members of an unincorporated association as a class by naming certain members as representative parties. The action may be maintained only if it appears that those parties will fairly and adequately protect the interests of the association and its members. In conducting the action, the court may issue any appropriate orders corresponding with those in Rule 23(d), and the procedure for settlement, voluntary dismissal, or compromise must correspond with the procedure in Rule 23(e).

**COMMITTEE NOTES**

The language of Rule 23.2 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

**Rule 24. Intervention.**

**(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

  **(1)** is given an unconditional right to intervene by statute; or

  **(2)** claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest.

**(b) Permissive Intervention.**

  **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:

    (A) is given a conditional right to intervene by statute; or

    (B) has a claim or defense that shares with the main action a common question of law or fact.

**(2)** *By a Government Officer or Agency.*  On timely motion, the court may permit a state governmental officer or agency to intervene if a party's claim or defense is based on:

> (A) a statute or executive order administered by the officer or agency; or

> (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

**(3)** *Delay or Prejudice.*  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

**(c) Notice and Pleading Required.**  A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

### COMMITTEE NOTES

The language of Rule 24 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Previous Rule 24, subsections (a), (b), and (c), are the same as the previous Federal rule counterparts.  Previous Rule 24(d) requiring notice to the Montana Attorney General in cases involving the constitutionality of a Montana statute has been transferred to Rule 5.1 and restyled to conform to the Federal Rules, both in number and style.

## Rule 25.  Substitution of Parties.

**(a) Death.**

**(1)** *Substitution if the Claim is not Extinguished.*  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within a reasonable time after service of a statement noting the death, the action by or against the decedent may be dismissed.

**(2)** *Continuation among the Remaining Parties.*  After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties.  The death should be noted on the record.

**(3)** *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting the death must be served in the same manner.

**(b) Incompetency.** If a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative. The motion must be served as provided in Rule 25(a)(3).

**(c) Transfer of Interest.** If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

**(d) Public Officers; Death or Separation from Office.** An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

## COMMITTEE NOTES

The language of Rule 25 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

## TITLE V. Depositions and Discovery

## Rule 26. General Provisions Governing Discovery.

**(a) Discovery Methods.** Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission.

**(b) Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

**(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other

tangible things and the identity and location of persons who know of any discoverable matter. The information sought need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

**(2)** *Limitations on Frequency and Extent.*

(A) *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

(B) *Specific Limitations on Electronically-Stored Information.* A party need not provide discovery of electronically-stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(C) *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

**(3)** *Trial Preparation: Materials.*

(A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

(B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

(C) *Previous Statement.* Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

(i) a written statement that the person has signed or approved; or

(ii) a contemporaneous stenographic, mechanical, electrical, or other recording -- or a transcription of it -- that recites substantially verbatim the person's oral statement.

**(4)** *Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(A) (i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

(ii) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of

70

exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

(C) Unless manifest injustice would result,

(i)  the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(4)(A)(ii) and (b)(4)(B) of this rule; and

(ii) with respect to discovery obtained under subdivision (b)(4)(A)(ii) of this rule, the court may require, and with respect to discovery obtained under subdivision (b)(4)(B) of this rule, the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

**(5)** *Insurance Agreements.*   A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.   Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial.   For purposes of this paragraph, an application for insurance shall not be treated as part of an insurance agreement.

**(6)** *Claiming Privilege or Protecting Trial-Preparation Materials.*

(A) *Information Withheld.*   When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or things not produced or disclosed -- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

(B) *Information Produced.*   If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.   After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a

determination of the claim. The producing party must preserve the information until the claim is resolved.

**(c) Protective Orders.**

**(1) *In General.*** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the discovery;

(B) specifying terms, including time and place, for the discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**(2) *Ordering Discovery.*** If a motion for protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

**(3) *Awarding Expenses.*** Rule 37(a)(5) applies to the award of expenses.

**(d) Sequence and Timing of Discovery.** Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

**(1)** methods of discovery may be used in any sequence; and

**(2)** discovery by one party does not require any other party to delay its discovery.

**(e) Supplementing Responses.**

**(1)** *In General.*  A party who has responded to an interrogatory, request for production, or request for admission must supplement or correct its response:

(A) in a timely manner if the party learns that in some material respect the response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B)  as ordered by the court.

**(2)** *Expert witness.*  For an expert whose opinion is produced in response to an interrogatory served under Rule 26(b)(4), the party's duty to supplement extends both to information included in the response and to information given during the expert's deposition.  Any additions or changes to this information must be disclosed by the time of the preparation and submission of the pretrial order to the court.

**(f)  Discovery Conference.**  At any time after commencement of an action, the court may direct the attorneys for the parties to appear before it for a conference on the subject of discovery.  The court shall do so upon motion by the attorney for any party if the motion includes:

**(1)**  a statement of the issues as they then appear;

**(2)**  a proposed plan and schedule of discovery;

**(3)**  any limitations proposed to be placed on discovery;

**(4)**  any issues relating to discovery of electronically-stored information, including the form or forms in which it should be produced;

**(5)**  any other proposed orders with respect to discovery; and

**(6)**  a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys in the matters set forth in the motion.  Each party and each party's attorney are under a duty to participate in good faith in the framing of a discovery plan if a plan is proposed by the attorney for any party.  Notice of the motion shall be served on all parties.  Objections or additions to matters set forth in the motion shall be served not later than 14 days after service of the motion.

Following the discovery conference, the court shall enter an order tentatively identifying the issues for discovery purposes, establishing a plan and schedule for discovery, including resolution of issues relating to the discovery of electronically-stored information, including the form or forms in which it should be produced, setting limitations on discovery, if any; and determining such other matters, including the allocation of expenses, as are necessary for the proper management of discovery in the action. An order may be altered or amended whenever justice so requires.

**(g) Signing Disclosures and Discovery Requests, Responses, and Objections.**

(1) *Signature Required; Effect of Signature.* Every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name – or by the party personally, if unrepresented – and must state the signer's address. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, it is:

(A) consistent with these rules and warranted by existing law or by a good faith argument for extending, modifying, or reversing existing law;

(B) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(C) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

(2) *Failure to Sign.* Other parties have no duty to act on an unsigned request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

(3) *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney fees, caused by the violation.

## COMMITTEE NOTES

74

The language of Rule 26 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Rule 26 is adopted from Rule 26 of the Federal Rules of Civil Procedure with several important distinctions, particularly in the area of automatic preliminary pretrial disclosures and expert disclosures.

As noted, the Committee rejected the initial disclosure and pretrial disclosure requirements of Federal Rules 26(a)(1) and 26(a)(3). The Committee also rejected the detailed expert disclosure rules and report requirement of Federal Rule 26(a)(2), because those detailed expert disclosure rules -- while appropriate in certain cases -- are potentially too costly and difficult for the majority of civil cases handled by state district courts. To the extent detailed disclosure requirements beyond those of the existing Rule 26(b)(4) may be necessary, the district court has sufficient power to impose such requirements by virtue of its general powers over discovery as well as through the orders issued following preliminary pretrial conference or any discovery conference held pursuant to Rule 26(f).

Federal Rule 26(b)(1) contains a limitation on the scope of discovery rejected by the Committee. Existing and long-standing Montana practice under Rule 26(b)(1) is carried forward in the new Rule 26(b)(1). The remainder of Rule 26(b)(2) and (3) is taken verbatim from Federal Rules 26(b)(2) and (3). Montana's existing Rule 26(b)(2) regarding discovery of insurance information is carried forward without change and is now found at Rule 26(b)(6).

As noted, the Committee chose not to adopt the detailed expert disclosure requirements of Federal Rule 26(a)(2). Previous Rule 26(b)(4) is carried forward in its entirety without change except that Rule 26(b)(4)(A)(ii) contains a new provision making clear the right to depose an opposing expert. The Committee intends to remove any doubt regarding expert depositions as of right and to allow such depositions without the need for court involvement.

Rule 26(b)(6) is a verbatim adoption of Federal Rule 26(b)(5) and imposes a procedure for handling of information withheld under claimed privilege, requiring the creation of a privilege log and providing a procedure for handling inadvertent disclosure of privileged materials.

Federal Rule 26(c) regarding protective orders is adopted as Montana Rule 26(c).

Federal Rule 26(d) relating to sequence and timing of discovery is adopted, as is Federal Rule 26(e) with minor adjustments in language relating to expert disclosures necessary because of the Committee's rejection of the expert disclosure requirements of Federal Rule 26(a)(2).

Previous Montana Rule 26(f) regarding non-mandatory discovery conferences is carried forward. The rule is a useful case management tool that affords the district court substantial discretion to impose case-specific discovery requirements on a case-by-case

75

basis, and is regarded by the Committee as the appropriate procedure to follow when seeking specific orders regarding discovery or expert disclosures.

Federal Rule 26(g) is adopted with one minor change, that being in Rule 26(g)(1)(B)(i), where the Committee has changed the word "nonfrivolous" to "good faith," believing that this change more accurately reflects the appropriate test applied to situations covered by Rule 26(g).

**Rule 27.  Depositions to Perpetuate Testimony.**

**(a) Before an Action is Filed.**

**(1)  *Petition.***  A person who wants to perpetuate testimony about any matter cognizable in any district court of the state of Montana may file a verified petition in the district court for the district where any expected adverse party resides.  The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

(A) that the petitioner expects to be a party to an action cognizable in a district court of the state of Montana but cannot presently bring it or cause it to be brought;

(B) the subject matter of the expected action and the petitioner's interest;

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E) the name, address, and expected substance of the testimony of each deponent.

**(2)  *Notice and Service.***  At least 21 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing.  The notice may be served either inside or outside the district or state in the manner provided in Rule 4.  If that service cannot be made with reasonable diligence on an expected adverse party, the court may order service by publication or otherwise.  The court may appoint an attorney to represent persons not served in the manner provided in Rule 4 and to cross-examine the deponent if an unserved person is not otherwise represented.  If any expected adverse party is a minor or is incompetent, Rule 17(c) applies.

**(3)  *Order and Examination.***  If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or

describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. The depositions may then be taken under these rules, and the court may issue orders like those authorized by Rules 34 and 35. A reference in these rules to the court where an action is pending means, for purposes of this rule, the court where the petition for the deposition was filed.

**(4)** *Using the Deposition.* A deposition to perpetuate testimony may be used under Rule 32(a) in any later-filed district court action involving the same subject matter.

**(b) Pending Appeal.**

**(1)** *In General.* The court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court.

**(2)** *Motion.* The party who wants to perpetuate testimony may move for leave to take the depositions, on the same notice and service as if the action were pending in the district court. The motion must show:

(A) the name, address, and expected substance of the testimony of each deponent; and

(B) the reasons for perpetuating the testimony.

**(3)** *Court Order.* If the court finds that perpetuating the testimony may prevent a failure or delay of justice, the court may permit the depositions to be taken and may issue orders like those authorized by Rules 34 and 35. The depositions may be taken and used as any other deposition taken in a pending district court action.

**(c) Perpetuation by an Action.** This rule does not limit a court's power to entertain an action to perpetuate testimony.

**COMMITTEE NOTES**

The language of Rule 27 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. The time period in former Rule 27(a)(2) for service before a hearing date has been changed from 20 to 21 days to conform to the Federal Rule.

Rule 27 is adopted from Rule 27 of the Federal Rules of Civil Procedure with one minor change, to refer, in Rule 27(a)(1)(A), to cases in the district courts of Montana rather than the federal rule reference to cases in a United States court.

**Rule 28.  Persons Before Whom Depositions May Be Taken.**

**(a)  Within the United States.**

**(1)** *Within Montana.*  Within the state of Montana, a deposition must be taken before:

(A)  an officer authorized by the laws of this state to administer oaths; or

(B)  a person appointed by the court in which the action is pending to administer oaths and take testimony.

**(2)** *Within the United States outside Montana.*  Within the United States or a territory or insular possession subject to United States jurisdiction, outside the state of Montana, a deposition must be taken before:

(A)  an officer authorized to administer oaths by the laws of this state, the United States, or of the place where the examination is held; or

(B)  a person appointed by the court in which the action is pending.

**(3)** *Definition of "Officer."*  The term "officer" in Rules 30, 31, and 32 includes a person appointed by the court under this rule or designated by the parties under Rule 29(a).

**(b)  In Foreign Countries.**

**(1)** *In General.*  A deposition may be taken in a foreign country:

(A)  under an applicable treaty or convention;

(B)  under a letter of request, whether or not captioned a "letter rogatory";

(C)  on notice, before a person authorized to administer oaths either by Montana law, federal law, or by the law in the place of examination; or

(D)   before a person commissioned by the court to administer any necessary oath and take testimony.

**(2)** *Issuing a Letter of Request or a Commission.*  A letter of request, a commission, or both may be issued:

(A)  on appropriate terms after an application and notice of it; and

(B)  without a showing that taking the deposition in another manner is impracticable or inconvenient.

**(3)** *Form of a Request, Notice, or Commission.*  When a letter of request or any other device is used according to a treaty or convention, it must be captioned in the form prescribed by that treaty or convention.  A letter of request may be addressed "To the Appropriate Authority in [name of country]."  A deposition notice or a commission must designate by name or descriptive title the person before whom the deposition is to be taken.

**(4)** *Letter of Request -- Admitting Evidence.*  Evidence obtained in response to a letter of request need not be excluded merely because it is not a verbatim transcript, because the testimony was not taken under oath, or because of any similar departure from the requirements for depositions taken within the state of Montana.

**(c)  Interstate Depositions and Discovery.**

**(1)** *Definitions.*  For purposes of this rule:

(A)  "Foreign jurisdiction" means a state other than Montana;

(B)  "Foreign subpoena" means a subpoena issued under authority of a court of record of a foreign jurisdiction;

(C)  "Person" means an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, public corporation, government, or governmental subdivision, agency or instrumentality, or any other legal or commercial entity;

(D)  "State" means a state of the United States, the District of Columbia, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States; and

(E)  "Subpoena" means a document, however denominated, issued under authority of a court of record requiring a person to:

(i) attend and give testimony at a deposition;

(ii) produce and permit inspection and copying of designated books, documents, records, electronically stored information, or tangible things in the possession, custody, or control of the person; or

(iii) permit inspection of premises under the control of the person.

**(2)** *Issuance of a Subpoena.*

(A)  To request issuance of a subpoena under this section, a party must submit a foreign subpoena to a clerk of court in the county in which discovery is

sought to be conducted in Montana.  A request for issuance of a subpoena under this act does not constitute an appearance in the courts of this state.

(B)  When a party submits a foreign subpoena to a clerk of court in this state, the clerk, in accordance with that court's procedure, shall promptly issue a subpoena for service upon the person to which the foreign subpoena is directed.

(C)  A subpoena under subsection (B) must:

(i) incorporate the terms used in the foreign subpoena; and

(ii) contain or be accompanied by the names, addresses, and telephone numbers of all counsel of record in the proceeding to which the subpoena relates and of any party not represented by counsel.

**(3)  *Service of a Subpoena.***  A subpoena issued by a clerk of court under paragraph (c)(2) of this rule must be served in compliance with Rule 45.

**(4)  *Deposition, Production, and Inspection.***  Rules 30, 31, 34, and 45 apply to subpoenas issued under paragraph (c)(2) of this rule.

**(5)  *Application to Court.***  An application to the court for a protective order or to enforce, quash, or modify a subpoena issued by a clerk of court under paragraph (c)(2) of this rule must comply with the rules or statutes of this state and be submitted to the court for the county in which discovery is to be conducted.

**(d) Disqualification for Interest.**  No deposition shall be taken before a person who is a relative or employee or attorney or counsel of any of the parties, or is a relative or employee of such attorney or counsel, or is financially interested in the action.

The officer taking the deposition, or any other person with whom such officer has a principal and agency relationship, shall not enter into an agreement for reporting service which does any of the following:

**(1)**  requires the court reporter reporting the deposition to relinquish control of an original deposition transcript and copies of the transcript before it is certified and delivered to the custodial attorney;

**(2)**  requires the court reporter to provide special financial terms or other services that are not offered at the same time and on the same terms to all other parties in the litigation, or in any way offers any incentives or rewards to the attorneys, parties to the litigation, or to anyone else who has an interest in the litigation;

**(3)**  gives an exclusive monetary or other advantage to any party; or

**(4)** compromises the impartiality of the court reporter, or that may result in the appearance that the impartiality of the court reporter has been compromised.

## COMMITTEE NOTES

The language of Rule 28 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Rule 28 consists of portions of previous Rule 28, the federal rule and the Uniform Interstate Depositions and Discovery Act, which the supreme court has chosen to adopt.

Rule 28(a) is previous Rule 28(a) modified to remove middle portions of that paragraph because they are covered by and clarified by adoption of the Uniform Interstate Depositions and Discovery Act, which appears in Rule 28(c).

Rule 28(b) is taken verbatim from Rule 28(b) of the Federal Rules with changes made to refer specifically to Montana law rather than federal law. It should be noted that reference to a letter rogatory is generally removed, using instead the more modern term "letter of request."

Rule 28(c) is to effectuate, in the rules of civil procedure, the adoption by the supreme court of the Uniform Interstate Depositions and Discovery Act. It changes, and simplifies, procedure for the taking of foreign depositions.

Previous Rule 28(c) regarding disqualification for interest of the person before whom a deposition is taken is carried forward verbatim but is re-designated as Rule 28(d).

Previous Rules 28(d) and (e) are deleted because the subjects contained therein are covered by Rule 28(c). New Rule 28(d) adopts a proposal by the Court Reporters Association designed to address a perceived problem in exacting improper concessions from the Reporters as a condition of hiring.

**Rule 29. Stipulation Regarding Discovery Procedure.** Unless the court orders otherwise, the parties may stipulate that:

**(a)** a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified -- in which event it may be used in the same way as any other deposition; and

**(b)** other procedures governing or limiting discovery be modified.

## COMMITTEE NOTES

The language of Rule 29 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

The Committee chose to retain previous Rule 29. Federal Rule 29 contained provisions limiting the ability of parties and their attorneys to make stipulations regarding discovery the Committee believes are inappropriate for Montana practice.

**Rule 30. Depositions by Oral Examination.**
**(a) When a Deposition May Be Taken.**

**(1)** *Without Leave.* A party may, by oral questions, depose any persons, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

**(2)** *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):

(A) if the parties have not stipulated to the deposition, and:

(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiff, or by the defendants, or by the third-party defendants; or

(ii) the deponent has already been deposed in the case; or

(iii) plaintiff seeks to take a deposition within 30 days after service of the summons and complaint under Rule 4(d), except that leave is not required if a defendant has served a deposition notice or discovery request.

(B) if the deponent is confined in prison.

**(b) Notice of the Deposition; Other Formal Requirements.**

**(1)** *Notice in General.* A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

**(2)** *Producing Documents.* If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition.

**(3)** *Method of Recording.*

(A) *Method Stated in the Notice.* The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court

orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.

(B) *Additional Method.* With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

**(4) *By Remote Means.*** The parties may stipulate -- or the court may on motion order -- that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28, 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.

**(5) *Officer's Duties.***

(A) *Before the Deposition.* Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. The officer must begin the deposition with an on-the-record statement that includes:

> (i) the officer's name and business address;

> (ii) the date, time, and place of the deposition;

> (iii) the deponent's name;

> (iv) the officer's administration of the oath or affirmation to the deponent; and

> (v) the identity of all persons present.

(B) *Conducting the Deposition; Avoiding Distortion.* If the deposition is recorded nonstenographically, the officer must repeat the items in Rule 30(b)(5)(A)(i)-(iii) at the beginning of each unit of the recording medium. The deponent's and attorney's appearance or demeanor must not be distorted through recording techniques.

(C) *After the Deposition.* At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any stipulations made by the attorneys about custody of the transcript or recording and of the exhibits, or about any other pertinent matters.

**(6) *Notice or Subpoena Directed to an Organization.*** In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, or a governmental agency and must describe with reasonable

particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

**(c) Examination and Cross-Examination; Record of the Examination; Objections; Written Questions.**

**(1)** *Examination and Cross-Examination.* The examination and cross-examination of a deponent proceed as they would at trial under the Montana Rules of Evidence, except Rule 103. After putting the deponent under oath or affirmation, the officer must record the testimony by the method designated under Rule 30(b)(3)(A). The testimony must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer.

**(2)** *Objections.* An objection at the time of the examination -- whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition -- must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

**(3)** *Participating Through Written Questions.* Instead of participating in the oral examination, a party may serve written questions in a sealed envelope on the party noticing the deposition, who must deliver them to the officer. The officer must ask the deponent those questions and record the answers verbatim.

**(d) Duration; Sanction; Motion to Terminate or Limit Examination.**

**(1)** *Duration.* Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

**(2)** *Sanction.* The court may impose an appropriate sanction -- including the reasonable expenses and attorney fees incurred by any party -- on a person who impedes, delays, or frustrates the fair examination of the deponent.

84

**(3)** *Motion to Terminate or Limit.*

(A) *Grounds*.  At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.  The motion may be filed in the court where the action is pending or the deposition is being taken.  If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

(B) *Order*.  The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c).  If terminated, the deposition may be resumed only by order of the court where the action is pending.

(C) *Award of Expenses*.  Rule 37(a)(5) applies to the award of expenses.

**(e) Review by the Witness; Changes.**

**(1)** *Review; Statement of Changes.*  On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

**(2)** *Changes Indicated in the Officer's Certificate.*  The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

**(f) Certification and Delivery; Exhibits; Copies of the Transcript or Recording; Filing.**

**(1)** *Certification and Delivery.*  The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony.  The certificate must accompany the record of the deposition.  Unless the court orders otherwise, the officer must seal the deposition in an envelope or package bearing the title of the action and marked "Deposition of [witness's name]" and must promptly send it to the attorney who arranged for the transcript or recording.  The attorney must store it under conditions that will protect it against loss, destruction, tampering, or deterioration.

**(2)** *Documents and Tangible Things.*

(A) *Originals and Copies.* Documents and tangible things produced for inspection during a deposition must, on a party's request, be marked for identification and attached to the deposition. Any party may inspect and copy them. But if the person who produced them wants to keep the originals, the person may:

(i) offer copies to be marked, attached to the deposition, and then used as originals -- after giving all parties a fair opportunity to verify the copies by comparing them with the originals; or

(ii) give all parties a fair opportunity to inspect and copy the originals after they are marked -- in which event the originals may be used as if attached to the deposition.

(B) *Order Regarding the Originals.* Any party may move for an order that the originals be attached to the deposition pending final disposition of the case.

**(3)** *Copies of the Transcript or Recording.* Unless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent.

**(4)** *Notice of Filing.* A party who files the deposition must promptly notify all other parties of the filing.

**(g) Failure to Attend a Deposition or Serve a Subpoena; Expenses.** A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney fees, if the noticing party failed to:

**(1)** attend and proceed with the deposition; or

**(2)** serve a subpoena on a nonparty deponent, who consequently did not attend.

### COMMITTEE NOTES

The language of Rule 30 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Rule 30 is adopted nearly verbatim from Rule 30 of the Federal Rules, with two specific differences. The first difference is that any references to the pre-discovery disclosure requirements of Federal Rule 26 are removed because the disclosure requirements of Federal Rule 26 have not been adopted. The second difference relates to

previous Rule 30(a), which contained a provision requiring court approval of a deposition taken prior to expiration of 30 days after service of the summons and complaint upon any defendant. That limitation does not appear in the federal rule but is being specifically carried forward in Rule 30(a)(2)(a)(iii). Federal Rule 30(a)(2)(A)(iii) regarding taking of depositions prior to expiration of time for pretrial disclosures set forth in Federal Rule 26(d) was not adopted by the Committee. Finally, Rule 30(a)(2)(A)(ii) prohibits a second deposition of a witness absent agreement of the parties or leave of court.

Federal Rule 30 also contains certain specific changes from present practice under the previous Rule 30. Rule 30(a)(2)(A) imposes a 10-deposition limit in cases, although that limit may be modified by agreement of the parties under Rule 29 or by court order.

Federal Rule 30(c) makes clear that Rule 615 of the Federal Rules of Evidence regarding exclusion of witnesses at trial does not apply at depositions. The Committee chose to continue allowing Rule 615 of the Montana Rules of Evidence to be invoked at depositions as at trial.

Rule 30(e) changes the prior procedure which required submission to the witness for review and signature unless waived. Rule 30(e), adopted from Federal Rule 30(e), requires review and signature only upon request of the deponent or a party.

Previous Rule 30(h) has been replaced by the general methods of recording provided for by Rule 30(b)(3).

## Rule 31.  Depositions by Written Questions.

### (a) When a Deposition May Be Taken.

**(1) *Without Leave.*** A party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

**(2) *With Leave.*** A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):

(A) if the parties have not stipulated to the deposition and:

(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by the third-party defendants;

(ii) the deponent already has been deposed in the case; or

(B) if the deponent is confined in prison.

**(3) *Service; Required Notice.*** A party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address. If the name is unknown, the notice must provide a

general description sufficient to identify the person or the particular class or group to which the person belongs.  The notice must also state the name or descriptive title and the address of the officer before whom the deposition will be taken.

**(4)** *Questions Directed to an Organization.*  A public or private corporation, a partnership, an association, or a governmental agency may be deposed by written questions in accordance with Rule 30(b)(6).

**(5)** *Questions from Other Parties.*  Any questions to the deponent from other parties must be served on all parties as follows:  cross-questions, within 14 days after being served with the notice and direct questions; redirect questions, within 7 days after being served with cross-questions; and recross-questions, within 7 days after being served with redirect questions.  The court may, for good cause, extend or shorten these times.

**(b)  Delivery to the Officer; Officer's Duties.**  The party who noticed the deposition must deliver to the officer a copy of all the questions served and of the notice.  The officer must promptly proceed in the manner provided in Rule 30(c), (e), and (f) to:

**(1)** take the deponent's testimony in response to the questions;

**(2)** prepare and certify the deposition; and

**(3)** send it to the party, attaching a copy of the questions and of the notice.

**(c)  Notice of Completion or Filing.**

**(1)** *Completion.*  The party who noticed the deposition must notify all other parties when it is completed.

**(2)** *Filing.*  A party who files the deposition must promptly notify all other parties of the filing.

**COMMITTEE NOTES**

The language of Rule 31 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Rule 31 is adopted verbatim from Federal Rule 31.

**Rule 32.  Using Depositions in Court Proceedings.**

**(a) Using Depositions.**

**(1)** *In General.*  At a hearing or trial, all or part of a deposition may be used against a party on these conditions:

88

(A) the party was present or represented at the taking of the deposition or had reasonable notice of it;

(B) it is used to the extent it would be admissible under the Montana Rules of Evidence if the deponent were present and testifying; and

(C) the use is allowed by Rule 32(a)(2) through (8).

**(2)** *Impeachment and Other Uses.* Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Montana Rules of Evidence.

**(3)** *Deposition of Party, Agent, or Designee.* An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

**(4)** *Unavailable Witness.* A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:

(A) that the witness is dead;

(B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

(C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;

(D) that the party offering the deposition could not procure the witness's attendance by subpoena; or

(E) on motion and notice, that exceptional circumstances make it desirable -- in the interest of justice and with due regard to the importance of live testimony in open court -- to permit the deposition to be used.

**(5)** *Limitation on Use of Deposition Taken on Short Notice.* A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place -- and this motion was still pending when the deposition was taken.

**(6)** *Using Part of a Deposition.* If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in

fairness should be considered with the part introduced, and any party may itself introduce any other parts.

**(7)** *Substituting a Party.* Substituting a party under Rule 25 does not affect the right to use a deposition previously taken.

**(8)** *Deposition Taken in an Earlier Action.* A deposition lawfully taken and, if required, filed in any federal or state court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Montana Rules of Evidence.

**(b) Objections to Admissibility.** Subject to Rules 28(b) and 32(d)(3), an objection may be made at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying.

**(c) Form of Presentation.** Unless the court orders otherwise, a party must provide a transcript of any deposition testimony the party offers, but may provide the court with the testimony in nontranscript form as well. On any party's request, deposition testimony offered in a jury trial for any purpose other than impeachment must be presented in nontranscript form, if available, unless the court for good cause orders otherwise.

**(d) Waiver of Objections.**

**(1)** *To the Notice.* An objection to an error or irregularity in a deposition notice is waived unless promptly served in writing on the party giving the notice.

**(2)** *To the Officer's Qualifications.* An objection based on disqualification of the officer before whom a deposition is to be taken is waived if not made:

(A) before the deposition begins; or

(B) promptly after the basis for disqualification becomes known or, with reasonable diligence, could have been known.

**(3)** *To the Taking of the Deposition.*

(A) *Objection to Competence, Relevance, or Materiality.* An objection to a deponent's competence -- or to the competence, relevance, or materiality of testimony -- is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time.

(B) *Objection to an Error or Irregularity.* An objection to an error or irregularity at an oral examination is waived if:

(i) it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time; and

(ii) it is not timely made during the deposition.

(C) *Objections to a Written Question.* An objection to the form of a written question under Rule 31 is waived if not served in writing on the party submitting the question within the time for serving responsive questions or, if the question is a recross-question, within 7 days after being served with it.

**(4) *To Completing and Returning the Deposition.*** An objection to how the officer transcribed the testimony -- or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition -- is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known.

## COMMITTEE NOTES

The language of Rule 32 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. The 5-day time period in Rule 32(d)(3)(C) for serving responsive questions is changed from 5 days to 7 days to conform to the Federal Rule.

Rule 32 is adopted nearly verbatim from Federal Rule 32. Only minor changes were made to reflect reference to the Montana Rules of Evidence and of Civil Procedure, and to reflect the Committee's decision not to adopt the provisions of Federal Rule 30(a)(2)(A)(iii), thus necessitating rejection of Federal Rule 32(a)(5)(B).

**Rule 33. Interrogatories to Parties.**

**(a) In General.**

**(1) *Number.*** Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 50 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

**(2) *Scope.*** An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

**(b) Answers and Objections.**

**(1)** *Responding Party.* The interrogatories must be answered:

(A) by the party to whom they are directed;

(B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

**(2)** *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the summons and complaint upon that defendant. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

**(3)** *Answering Each Interrogatory.* Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

**(4)** *Objections.* The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

**(5)** *Signature.* The person who makes the answers must sign them, and the attorney who objects must sign any objections.

**(c) Use.** An answer to an interrogatory may be used to the extent allowed by the Montana Rules of Evidence.

**(d) Option to Produce Business Records.** If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically-stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

**(1)** specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

**(2)** giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

### COMMITTEE NOTES
The language of Rule 33 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to

make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

The language of Rule 33 is adopted principally from Rule 33 of the Federal Rules of Civil Procedure with the exceptions discussed below.

Previous Rule 33(a) regarding the number of interrogatories has been carried forward into this Rule, and allows 50 interrogatories rather than the 25 allowed under Federal Rule 33(a). Because the Federal Rules contain extensive prediscovery disclosure requirements, which have not been adopted by the Committee, the number of interrogatories allowed is increased, consistent with existing practice. Rule 33 provides that requests for additional interrogatories may be granted to the extent consistent with the limitations stated in Rule 26(b)(2).

Previous Rule 33(b) contained a provision extending the time for answering interrogatories served upon a defendant to 45 days following service of summons and complaint. That time period is carried forward in Rule 33(b)(2). Otherwise, Federal Rule 33(b) is adopted verbatim.

Rule 33(a)(2) carries forward the intent of the language appearing in previous Rule 33(b) making it clear that an interrogatory is not objectionable "merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]" The Committee agrees with the Committee Note to Rule 33 of the Federal Rules and its statement that "opinion and contention interrogatories are used routinely."

**Rule 34. Producing Documents, Electronically-Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes.**
**(a) In General.** A party may serve on any other party a request within the scope of Rule 26(b):

> **(1)** to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>
>> (A) any designated documents or electronically-stored information -- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations -- stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or
>>
>> (B) any designated tangible things; or
>
> **(2)** to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

**(b) Procedure.**

**(1)** *Contents of the Request.*  The request:

(A) must describe with reasonable particularity each item or category of items to be inspected;

(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

(C) may specify the form or forms in which electronically-stored information is to be produced.

**(2)** *Responses and Objections.*

(A) *Time to Respond.*  The party to whom the request is directed must respond in writing within 30 days after being served, except that a defendant may serve a response within 45 days after service of the summons and complaint upon that defendant.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(B) *Responding to Each Item.*  For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

(C) *Objections.*  An objection to part of a request must specify the part and permit inspection of the rest.

(D) *Responding to a Request for Production of Electronically-Stored Information.*  The response may state an objection to a requested form for producing electronically- stored information.  If the responding party objects to a requested form -- or if no form was specified in the request -- the party must state the form or forms it intends to use.

(E) *Producing the Documents or Electronically Stored Information.*  Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically-stored information:

(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

(ii) if a request does not specify a form for producing electronically-stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

(iii) a party need not produce the same electronically-stored information in more than one form.

**(c) Nonparties.** As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.

**COMMITTEE NOTES**

The language of Rule 34 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

The text of Rule 34 is adopted from Rule 34 of the Federal Rules of Civil Procedure. Previous Rule 34 of the Montana Rules of Civil Procedure allowed 45 days for response by a defendant to requests served under Rule 34 following service of summons and complaint on that defendant. That provision is carried forward in Rule 33(b)(2)(A). In all other respects, the rule is identical to Rule 34 of the Federal Rules of Civil Procedure, including adoption of provisions relating to requests for and production of electronically-stored information.

**Rule 35. Physical and Mental Examination.**
**(a) Order for Examination.**

**(1)** *In General.* The court where the action is pending may order a party whose mental or physical condition -- including blood group -- is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

**(2)** *Motion and Notice; Contents of the Order.* The order:

(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

(B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

**(b) Examiner's Report.**

**(1)** *Request by the Party or Person Examined.* The party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, together with like reports of all earlier examinations of the same condition. The request may be made by the party against whom the examination order was issued or by the person examined.

**(2)** *Contents.*   The examiner's report must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests.

**(3)** *Request by the Moving Party.*   After delivering the reports, the party who moved for the examination may request -- and is entitled to receive -- from the party against whom the examination order was issued like reports of all earlier or later examinations of the same condition.  But those reports need not be delivered by the party with custody or control of the person examined if the party shows that it could not obtain them.

**(4)** *Waiver of Privilege.*   By requesting and obtaining the examiner's report, by deposing the examiner, or by commencing an action or presenting a defense which puts a party's condition at issue, the party examined waives any privilege it may have -- in that action or any other action involving the same controversy -- concerning testimony about all treatments, prescriptions, consultations, or examinations for the same condition.

The waiver of any privilege does not apply to any treatment, consultation, prescription, or examination for any condition not related to the pending action.  On a timely motion for good cause and on notice to all parties and the person to be examined, the court in which the action is pending may issue an order to prohibit the introduction of evidence of any such portion of any person's medical record not related to the pending action.

**(5)** *Failure to Deliver a Report.*   The court on motion may order -- on just terms -- that a party deliver the report of an examination.  If the report is not provided, the court may exclude the examiner's testimony at trial.

**(6)** *Scope.*   This subdivision (b) applies also to an examination made by the parties' agreement, unless the agreement states otherwise.   This subdivision does not preclude obtaining an examiner's report or deposing an examiner under other rules.

COMMITTEE NOTES

The language of Rule 35 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

The Committee has adopted Federal Rule 35 in its entirety with one addition in Rule 35(b)(4) adapted  from previous Rule 35(b)(2), limiting the waiver of doctor-patient privilege in instances where treatment, consultation, prescription, or examination relates to a mental or physical condition "not related to the pending action."

**Rule 36.  Requests for Admissions.**

**(a)  Scope and Procedure.**

**(1)  *Scope.*** A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A) facts, the application of law to fact, or opinions about either; and

(B) the genuineness of any described documents.

**(2)  *Form; Copy of a Document.***  Each matter must be separately stated.  A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying.

**(3)  *Time to Respond; Effect of Not Responding.*** A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon that defendant.  A shorter or longer time for responding to requests for admission may be stipulated to under Rule 29 or be ordered by the court.

**(4)  *Answer.***  If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of the matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

**(5)  *Objections.***  The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

**(6)  *Motion Regarding the Sufficiency of an Answer or Objection.***  The requesting party may move to determine the sufficiency of an answer or objection.  Unless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.  The court may

97

defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

**(b)   Effect of an Admission; Withdrawing or Amending it.**  A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.  An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

## COMMITTEE NOTES

The language of Rule 36 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Rule 36 of the Federal Rules is adopted in its entirety with one addition.  Previous Rule 36(a) allowed 45 days for response to requests for admission after service of the summons and complaint on the defendant.  That provision is carried forward in Rule 36(a)(3).

**Rule 37.   Failure to Make Discovery; Sanctions.**
**(a)  Motion for an Order Compelling Discovery.**

   **(1) *In General.***  On notice to other parties and all affected persons, a party may move for an order compelling discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action.

   **(2) *Appropriate Court.***  A motion for an order to a party must be made in the court where the action is pending.  A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

   **(3) *Specific Motions.***

      (A) *To Compel a Discovery Response.*  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if:

         (i) a deponent fails to answer a question asked under Rule 30 or 31;

         (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

         (iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34.

(B) *Related to a Deposition.* When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

**(4) *Evasive or Incomplete Answer or Response.*** For purposes of this subdivision (a), an evasive or incomplete answer or response must be treated as a failure to answer or respond.

**(5) *Payment of Expenses; Protective Orders.***

(A) *If the Motion is Granted or Disclosure or Discovery is Provided After Filing.* If the motion is granted -- or if the requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the discovery without court action;

(ii) the opposing party's response or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(B) *If the Motion is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(C) *If the Motion is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

**(b) Failure to Comply With a Court Order.**

**(1)** *Sanctions in the District Where the Deposition is Taken.* If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court.

**(2)** *Sanctions by the Court Where the Action is Pending.*

(A) *For not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent -- or a witness designated under Rule 30(b)(6) or 31(a)(4) -- fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(B) *For not Producing a Person for Examination.* If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.

(C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

    **(1)** *Failure to Disclose or Supplement.* If a party fails to provide information requested in accordance with these rules or fails to disclose information regarding opinions of a witness as required by Rule 26(b)(4), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

        (A) may order the payment of the reasonable expenses, including attorney fees, caused by the failure;

        (B) may inform the jury of the party's failure; and

        (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

    **(2)** *Failure to Admit.* If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney fees, incurred in making that proof. The court must so order unless:

        (A) the request was held objectionable under Rule 36(a);

        (B) the admission sought was of no substantial importance;

        (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or

        (D) there was other good reason for the failure to admit.

**(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**

    **(1)** *In General.*

        (A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

            (i) a party or a party's officer, director, or managing agent -- a person designated under Rule 30(b)(6) or 31(a)(4) -- fails, after being served with proper notice, to appear for that person's deposition; or

(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

(B) *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

**(2)** ***Unacceptable Excuse for Failing to Act.*** A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

**(3)** ***Types of Sanctions.*** Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless that failure was substantially justified or other circumstances make an award of expenses unjust.

**(e) Failure to Provide Electronically-Stored Information.** Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically-stored information lost as a result of the routine, good-faith operation of an electronic information system.

**(f) Failure to Participate in the Framing of a Discovery Plan.** If a party or its attorney fails to participate in good faith in the framing of a discovery plan by agreement as is required by Rule 26(f), the court may, after opportunity for hearing, require that party or attorney to pay to any other party the reasonable expenses, including attorney fees, caused by the failure.

**COMMITTEE NOTES**

The language of Rule 37 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Rule 37 is, in substantial part, an adoption of Federal Rule 37. Salient additions, deletions, or changes from Federal Rule 37 as well as provisions of particular interest, not in existence under previous Rule 37, are noted below.

As with Rules 26 and 30, Rule 37 is modified to delete references to the initial disclosure requirements of Rule 26 and motions related to failure to make such disclosures. This is necessary because the Committee has rejected the automatic disclosure requirements set out in Federal Rule 26(a).

Particular note should be taken of the Committee's decision to adopt the "confer and certify" requirements regarding motion practice under Rule 37(a)(1). Note also should be taken of the new provision under Rule 37(a)(5)(A) addressing the situation where a motion to compel is filed and, in response, the discovery sought is provided. In those circumstances, the court is required, after giving notice and opportunity to be heard, to order the party necessitating the motion to pay the movant's reasonable expenses in making the motion, including attorney fees. The initial motion to compel is, however, explicitly subject to the "confer and certify" requirements of Rule 37(a)(1).

Rule 37(c) of the Federal Rule is adopted except for changes necessary to remove reference to disclosures required by Federal Rule 26 not adopted by Rule 26. New language in Rule 37(c)(1) makes clear the power of the court to impose the sanctions specified in Rule 37(c)(1)(A), (B), or (C) where information properly requested under these rules is not supplied as required or where there is not a proper disclosure of expert opinions under Rule 26(b)(4).

Rule 37(d) of the Federal Rules of Civil Procedure is adopted verbatim. Practitioners should note the "confer and certify" requirement of Rule 37(d)(1)(B) regarding motions for sanctions. This provision requires counsel to attempt to work out their own resolution of discovery issues prior to turning to the court for assistance. Rule 37(d) specifies, but does not limit, the range of sanctions available to the court by its reference in Rule 37(d)(3) to Rule 37(b)(2)(A)(i)-(vi).

Previous Rule 37(e) is carried forward unchanged, but its language is identical to Federal Rule 37(e).

Previous Rule 37(g) is carried forward and is now designated as Rule 37(f). Federal Rule 37(f) is not adopted because of its reference to the discovery plan of Rule 26(f), a requirement of Federal Rule 26 not adopted by the Committee.

## TITLE VI.  Trials

## Rule 38.  Right to a Jury Trial; Demand.

**(a) Right Preserved.** The right of trial by jury as declared by the Montana Constitution -- or as provided by a Montana statute -- is preserved to the parties inviolate.

**(b) Demand.** On any issue triable of right by a jury, a party may demand a jury trial by:

**(1)** serving the other parties with a written demand -- which may be included in a pleading -- no later than 14 days after the last pleading directed to the issue is served; and

**(2)** filing the demand in accordance with Rule 5(d).

**(c) Specifying Issues.** In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues

so triable. If the party has demanded a jury trial on only some issues, any other party may -- within 14 days after being served with the demand or within a shorter time ordered by the court -- serve a demand for a jury trial on any other or all factual issues triable by jury.

**(d) Waiver; Withdrawal.**  A party waives a jury trial unless its demand is properly served and filed.  A proper demand may be withdrawn only if the parties consent.

### COMMITTEE NOTES

The language of Rule 38 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.  These changes are both substantive and stylistic. The language of Federal Rule 38 was amended as necessary to replace federal references and statutes with the appropriate state references and statutes.  The 10-day periods in Rules 38(b) and (c) have been changed to 14 days to correspond to the counterpart Federal Rule.

Rule 38(b) includes the Rule 5(d) compliance that was formerly incorporated in previous Rule 38(d). The change is stylistic only.

Rule 38(d) wholly adopts the simplified language of Federal Rule 38(d).  It drops the sentence of previous Rule 38(d), which states that "A waiver of trial by jury is not revoked by an amendment of a pleading asserting only a claim or defense arising out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  The language of Rules 38 and 39 clearly states the mechanisms for demanding a jury trial.  This change does not, therefore, imply that a waiver may be revoked in the absence of the present explicit prohibition.

Rule 38 does not adopt Federal Rule 38(e), pertaining to admiralty and maritime claims.

## Rule 39. Trial by Jury or by the Court.

**(a) When a Demand is Made.**  When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:

    **(1)** the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or

    **(2)** the court, on motion or on its own, finds that on some or all of those issues there is no right to a jury trial.

**(b) When no Demand is Made.**  Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.

**(c) Advisory Jury; Jury Trial by Consent.** In an action not triable of right by a jury, the court, on motion or on its own:

**(1)** may try any issue with an advisory jury; or

**(2)** may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right.

### COMMITTEE NOTES

The language of Rule 39 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are both substantive and stylistic. The language of Federal Rule 39 was amended as necessary to replace federal references and statutes with the appropriate state references and statutes.

Rule 39(b) requires a motion before allowing the court to order jury trial upon an issue for which it might have been granted. The previous Rule 39(b) gives the court discretion to so order upon its own initiative.

**Rule 40. Scheduling Cases for Trial.** Each court must provide by rule for scheduling trials. The court must give priority to actions entitled to priority by a Montana statute.

### COMMITTEE NOTES

The language of Rule 40 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are intended to be stylistic only. The language of Federal Rule 40 was amended as necessary to replace federal references and statutes with the appropriate state references and statutes.

**Rule 41. Dismissal of Actions.**

**(a) Voluntary Dismissal.**

**(1)** *By the Plaintiff.*

(A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable state statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

**(2)** ***By Court Order; Effect.*** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

**(c) Dismissing a Counterclaim, Crossclaim, or Third-Party Claim.** This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim. A claimant's voluntary dismissal under Rule 41(a)(1)(A)(i) must be made:

**(1)** before a responsive pleading is served; or

**(2)** if there is no responsive pleading, before evidence is introduced at a hearing or trial.

**(d) Costs of a Previously Dismissed Action.** If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

**(1)** may order the plaintiff to pay all or part of the costs of that previous action; and

**(2)** may stay the proceedings until the plaintiff has complied.

**COMMITTEE NOTES**

The language of Rule 41 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are primarily stylistic. The language of Federal Rule 41 was amended as necessary to replace federal references and statutes with the appropriate state references and statutes.

Rule 41(a)(1)(A) includes the updated references to Rules 23.1(c) and 23.2 of the 2007 revision of the Federal Rules.

Rule 41(a)(1)(B) includes the federal language relating to the dismissal as an adjudication on the merits.

## Rule 42.  Consolidation; Separate Trials.

**(a) Consolidation.**  If actions before the court involve a common question of law or fact, the court may:

**(1)** join for hearing or trial any or all matters at issue in the actions;

**(2)** consolidate the actions; or

**(3)** issue any other orders to avoid unnecessary cost or delay.

**(b) Separate Trials.**  For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any statutory or constitutional right to a jury trial.

### COMMITTEE NOTES
The language of Rule 42 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.  These changes are primarily stylistic. The language of Federal Rule 42 was amended as necessary to replace federal references and statutes with the appropriate state references and statutes.

Rule 42(b) adopts the federal language, which adds "to expedite and economize" as justifications for ordering separate trials.  It also adds language preserving the right to jury trial in reflection of Article II, Section 26 of the Montana Constitution and the Seventh Amendment to the United States Constitution.  In light of the dual state and federal constitutional guarantees of jury trial, Rule 42(b) substituted "constitutional right to a jury trial" in place of "state right to a jury trial."

## Rule 43. Taking Testimony.

**(a) In Open Court.**  At trial, the witnesses' testimony must be taken in open court unless a Montana statute, the Montana Rules of Evidence, these rules, or other rules adopted by the supreme court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

**(b) Affirmation Instead of an Oath.**  When these rules require an oath, a solemn affirmation suffices.

**(c) Evidence on a Motion.** When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions.

**(d) Interpreter.** The court may appoint an interpreter of its choosing; fix reasonable compensation to be paid from funds provided by law or by one or more parties; and tax the compensation as costs.

### COMMITTEE NOTES

The language of Rule 43 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are both substantive and stylistic. The language of Federal Rule 43 was amended as necessary to replace federal references and statutes with the appropriate state references and statutes. The amendments do not affect testimony in chambers.

Rule 43(a) adopts the federal language, with state specific revisions. There is no present Montana equivalent rule.

Rule 43(b) is previous Rule 43(d).

Rule 43(c) adopts the federal language, which does not include the preface to the equivalent previous Rule 43(e), which states, "Except as otherwise provided in Rule 56 . . . ."

Rule 43(d) is previous Rule 43(f).

## Rule 44. Proving an Official Record.

**(a) Means of Proving.**

**(1) *Domestic Record.*** Each of the following evidences an official record -- or an entry in it -- that is otherwise admissible and is kept within the United States, any state, district, or commonwealth, or any territory subject to the administrative or judicial jurisdiction of the United States:

(A) an official publication of the record; or

(B) a copy attested by the officer with legal custody of the record -- or by the officer's deputy -- and accompanied by a certificate that the officer has custody. The certificate must be made under seal:

(i) by a judge of a court of record in the district or political subdivision where the record is kept; or

(ii) by any public officer with a seal of office and with official duties in the district or political subdivision where the record is kept.

**(2)** *Foreign Record.*

    (A) *In General.* Each of the following evidences a foreign official record -- or an entry in it -- that is otherwise admissible:

        (i) an official publication of the record; or

        (ii) the record -- or a copy -- that is attested by an authorized person and is accompanied either by a final certification of genuineness or by a certification under a treaty or convention to which the United States and the country where the record is located are parties.

    (B) *Final Certification of Genuineness.* A final certification must certify the genuineness of the signature and official position of the attester or of any foreign official whose certificate of genuineness relates to the attestation or is in a chain of certificates of genuineness relating to the attestation. A final certification may be made by a secretary of a United States embassy or legation; by a consul general, vice consul, or consular agent of the United States; or by a diplomatic or consular official of the foreign country assigned or accredited to the United States.

    (C) *Other Means of Proof.* If all parties have had a reasonable opportunity to investigate a foreign record's authenticity and accuracy, the court may, for good cause, either:

        (i) admit an attested copy without final certification; or

        (ii) permit the record to be evidenced by an attested summary with or without a final certification.

**(b) Lack of Record.** A written statement that a diligent search of designated records revealed no record or entry of a specified tenor is admissible as evidence that the records contain no such record or entry. For domestic records, the statement must be authenticated under Rule 44(a)(1). For foreign records, the statement must comply with (a)(2)(C)(ii).

**(c) Other Proof.** A party may prove an official record -- or an entry or lack of an entry in it -- by any other method authorized by law.

### COMMITTEE NOTES

    The language of Rule 44 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are intended to be stylistic only.

**Rule 44.1. Determining Foreign Law.**  A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law.

## COMMITTEE NOTES

The language of Rule 44.1 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.  These changes are intended to be stylistic only.

**Rule 45.  Subpoena.**
**(a) In General.**

    **(1) *Form and Contents.***

        (A) *Requirements -- In General.* Every subpoena must:

            (i) state the court from which it issued;

            (ii) state the title of the action, the court in which it is pending, and its cause  number;

            (iii) command each person to whom it is directed to do the following at a specified time and place:  attend and testify; produce designated documents, electronically-stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

            (iv) set out the text of Rule 45(d) and (e).

        (B) *Command to Attend a Deposition -- Notice of the Recording Method.*  A subpoena commanding attendance at a deposition must state the method for recording the testimony.

        (C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically-Stored Information.*  A command to produce documents, electronically-stored information, or tangible things, or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena.  A subpoena may specify the form or forms in which electronically-stored information is to be produced.

110

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically-stored information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials.

**(2)** Except as provided in Rule 28(c)(2), a subpoena must issue from the court in which the action is pending.

**(3) *Issued by Whom.*** The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena as an officer of:

(A) a court in which the attorney is authorized to practice; or

(B) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending.

**(4)** A party or an attorney responsible for the issuance and service of a subpoena seeking health care information, as defined by Title 50, Chapter 16, shall comply with the provisions of Title 50, Chapter 16.

**(b) Service.** A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law.

**(c) Notice of Service.**

**(1)** Notice shall be provided to all parties no less than 10 days before the commanded production of documents, electronically-stored information, or tangible things, or inspection of premises before trial, and shall be served on each party in the manner prescribed by Rule 5(b).

**(2)** Subject to the provisions of clause (ii) of subparagraph (d)(3)(A) of this rule, a subpoena:

(A) for attendance at a hearing or trial may be served at any place within the state and may require the person subpoenaed to appear at the hearing or trial irrespective of the person's place of residence, place of employment, or where such person regularly transacts business in person;

(B) for the production of documentary evidence and/or the taking of a deposition may require a person to attend an examination or produce documentary evidence only at a place within the state; and

111

(i) in the case of residents or entities located within the state, within 100 miles of where that person resides or is employed or transacts business in person, or, if on an entity, within 100 miles of the principal location of that entity, or at such other convenient place as is fixed by order of court;

(ii) in the case of non-residents who have been served within the state, within 100 miles of where the non-resident is served, or at any other convenient place as is fixed by order of court.

**(3)** Proof of service when necessary shall be made by filing with the clerk of court by which the subpoena is issued a statement of the date and manner of service and of the names of the persons served, certified by the person who made the service.

**(d) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney fees -- on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance not Required.* A person commanded to produce designated documents, electronically-stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce designated materials or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the designated materials or to inspecting the premises -- or to producing electronically-stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expenses resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person -- except that, subject to Rule 45(d)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically-Stored Information.* These procedures apply to producing documents or electronically-stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form of Producing Electronically-Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically-stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically-Stored Information Produced in Only One Form.* The person responding need not produce the same electronically-stored information in more than one form.

(D) *Inaccessible Electronically-Stored Information.* The person responding need not provide discovery of electronically-stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of the undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection*.**

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

> (i) expressly assert the claim; and

> (ii) describe the nature of the withheld documents, communications, or things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

114

**(f) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(d)(3)(A)(ii).

### COMMITTEE NOTES

The language of Rule 45 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are intended to be stylistic only.

**Rule 46. Objecting to a Ruling or Order.** A formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made.

### COMMITTEE NOTES

The language of Rule 46 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are intended to be stylistic only.

**Rule 47. Jurors.**

**(a) Examination of Jurors.**

**(1)** The court shall permit the parties or their attorneys to conduct the examination of prospective jurors under its supervision. The court may supplement the examination by such further inquiry as it deems proper.

**(2)** Challenges for cause must be tried by the court. The juror challenged and any other person may be examined as a witness on the trial of the challenge.

**(b) Manner of Selection and Order of Examination of Jurors.**

**(1)** *Order of Examination.* From the entire jury panel, an initial panel of 20 jurors shall be called in the first instance, and before any voir dire examination of the jury shall be had. Examination of all jurors in the initial panel shall be completed by the plaintiff before examination by the defendant. If challenges for cause are allowed, an additional juror shall be called from the entire panel immediately upon the allowance of challenge, and the juror called to replace the juror excused for cause shall take the number of the juror who has been excused, to provide a full initial

panel of 20 jurors, whose examination shall be completed before any peremptory challenges are made.

**(2) *Peremptory Challenges.***

(A) When the voir dire examination has been completed, each side shall have four peremptory challenges, and they shall be exercised by the plaintiff first striking one, the defendant then striking one, and so on, until each side has exhausted or waived its right.

(B) In the event one or more alternate jurors are called, the next jurors remaining in the initial panel, if any, shall be called by the clerk to be the alternate jurors.

(C) In the event all jurors remaining of the original initial panel of 20 jurors, including those substituted for those jurors excused for cause, have been subjected to peremptory challenge, then the clerk shall call additional jurors from the remainder of the jury panel to provide alternate jurors who will be subject to challenge as provided by law.

(D) In the event there is more than one party defendant, and should it appear that each defendant is entitled to peremptory challenges, then the original panel shall be increased to provide four additional jurors for each defendant who is entitled to exercise peremptory challenges.

(E) The clerk shall keep a record of the order in which jurors are called, and in the event the entire initial panel has not been exhausted by challenges, the court shall excuse sufficient of the last-called jurors until a jury of 12 persons and the determined number of alternates shall remain to make up the trial jury.

**(c) Alternate Jurors.** The court may direct that one or two jurors in addition to the regular panel be called and impaneled to sit as alternate jurors.

**(1)** Alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury arrives at its verdict, become unable or disqualified to perform their duties.

**(2)** An alternate juror shall not join the jury in its deliberation unless called upon by the court to replace a member of the jury.

**(3)** The alternate juror's conduct during the period in which the jury is considering its verdict shall be regulated by instructions of the trial court.

**(4)** Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges, shall take

116

the same oath, and shall have the same functions, powers, facilities, and privileges as the principal jurors.

**(5)** An alternate juror who does not replace a principal juror shall be discharged after the jury arrives at its verdict.

**(6)** If one or two alternate jurors are called, each party is entitled to one peremptory challenge in addition to those otherwise allowed by subdivision (b) of this rule.

**(7)** The additional peremptory challenge may be used only against an alternate juror, and other peremptory challenges allowed by law shall not be used against the alternates.

**COMMITTEE NOTES**

The language of Rule 47 is the same as previous Rule 47 but the format has changed. Rule 47 is provided in an outline format in order to render a consistent style throughout the rules. These changes are intended to be stylistic only.

**Rule 48. Juries -- Verdict.** At least two-thirds in number of any jury may render a verdict or finding, and such verdict or finding so rendered shall have the same force and effect as if all such jury concurred therein. The parties may stipulate that the jury shall consist of less number than 12.

**COMMITTEE NOTES**

Rule 48 is identical to previous Rule 48.

**Rule 49. Special Verdicts and Interrogatories.**

**(a) Special Verdict.**

**(1)** *In General.* The court may require a jury to return only a special verdict in the form of a special written finding on each issue of fact. The court may do so by:

(A) submitting written questions susceptible of a categorical or other brief answer;

(B) submitting written forms of the special findings that might properly be made under the pleadings and evidence; or

(C) using any other method that the court considers appropriate.

**(2)** *Instructions.* The court must give the instructions and explanations necessary to enable the jury to make its findings on each submitted issue.

**(3)** *Issues not Submitted.* A party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury unless, before

the jury retires, the party demands its submission to the jury.  If the party does not demand submission, the court may make a finding on the issue.  If the court makes no finding, it is considered to have made a finding consistent with its judgment on the special verdict.

**(b) General Verdict with Answers to Written Questions.**

**(1)** *In General.*  The court may submit to the jury forms for a general verdict, together with written questions on one or more issues of fact that the jury must decide.  The court must give the instructions and explanations necessary to enable the jury to render a general verdict and answer the questions in writing, and must direct the jury to do both.

**(2)** *Verdict and Answers Consistent.* When the general verdict and the answers are consistent, the court must approve, for entry under Rule 58, an appropriate judgment on the verdict and answers.

**(3)** *Answers Inconsistent with the Verdict.*  When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may:

(A) approve, for entry under Rule 58, an appropriate judgment according to the answers, notwithstanding the general verdict;

(B) direct the jury to further consider its answers and verdict; or

(C) order a new trial.

**(4)** *Answers Inconsistent with Each Other and the Verdict.* When the answers are inconsistent with each other and one or more is also inconsistent with the general verdict, judgment must not be entered; instead, the court must direct the jury to further consider its answers and verdict, or must order a new trial.

**COMMITTEE NOTES**

The language of Rule 49 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.  These changes are intended to be stylistic only.

**Rule 50.  Judgment as a Matter of Law in a Jury Trial; Related Motion for a New Trial; Conditional Ruling.**

**(a) Judgment as a Matter of Law.**

**(1)** *In General*.  If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

> (A) resolve the issue against the party; and

> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

**(2)** *Motion*.  A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

**(b) Renewing the Motion after Trial; Alternative Motion for a New Trial.** If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment -- or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged -- the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.  If the court does not rule on a properly filed renewed motion for judgment as a matter of law or an alternative or joint request for a new trial within 60 days from its filing date, the motion is deemed denied.  In ruling on the renewed motion, the court may:

> **(1)** allow judgment on the verdict, if the jury returned a verdict;

> **(2)** order a new trial; or

> **(3)** direct the entry of judgment as a matter of law.

**(c) Granting the Renewed Motion; Conditional Ruling on a Motion for a New Trial.**

> **(1)** *In General.*  If the court grants a renewed motion for judgment as a matter of law, it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed. The court must state the grounds for conditionally granting or denying the motion for a new trial.

> **(2)** *Effect of a Conditional Ruling.*  Conditionally granting the motion for a new trial does not affect the judgment's finality; if the judgment is reversed, the new trial must proceed unless the appellate court orders otherwise. If the motion for a new trial is conditionally denied, the appellee may assert error in that denial; if the judgment is reversed, the case must proceed as the appellate court orders.

119

**(d) Time for a Losing Party's New-Trial Motion.** Any motion for a new trial under Rule 59 by a party against whom judgment as a matter of law is rendered must be filed no later than 28 days after the entry of the judgment.

**(e) Denying the Motion for Judgment as a Matter of Law; Reversal on Appeal.** If the court denies the motion for judgment as a matter of law, the prevailing party may, as appellee, assert grounds entitling it to a new trial should the appellate court conclude that the trial court erred in denying the motion. If the appellate court reverses the judgment, it may order a new trial, direct the trial court to determine whether a new trial should be granted, or direct the entry of judgment.

### COMMITTEE NOTES

The language of Rule 50 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are intended to be stylistic only.

Rule 50(b) primarily adopts the relevant language of the Federal Rules, which allows the movant to file both a renewed motion for judgment as a matter of law and an alternative or joint request for a new trial. The language clarifies that a motion must be filed no later than 28 days after the entry of judgment or the jury was discharged, if the motion addresses a jury issue not decided by the verdict. Rule 50(b) includes an additional provision, however, that subjects a renewed motion for judgment as a matter of law or an alternative or joint request for a new trial to an automatic 60-day denial. The stylistic changes of this rule fully incorporate Montana's present 60-day time fuse designed to prevent delayed court action.

The 10-day period in Rule 52(b) for filing of a motion to amend or make additional findings is enlarged to 28 days in conformance with the Federal Rules change. The reason for this is explained in the following Federal Rules Committee Comment:

> Former Rules 50, 52, and 59 adopted 10-day periods for their respective post-judgment motions. Rule 6(b) prohibits any expansion of those periods. Experience has proved that in many cases it is not possible to prepare a satisfactory post-judgment motion in 10 days, even under the former rule that excluded intermediate Saturdays, Sundays, and legal holidays. These time periods are particularly sensitive because Appellate Rule 4 integrates the time to appeal with a timely motion under these rules. Rather than introduce the prospect of uncertainty in appeal time by amending Rule 6(b) to permit additional time, the former 10-day periods are expanded to 28 days. Rule 6(b) continues to prohibit expansion of the 28-day period.

The Committee considered the question of whether the change from 10 to 28 days on these Rules would affect the "deemed denied" provisions in Montana's Rules. The Committee concluded there will be no effect -- the 60-day "deemed denied" period would continue to run from the date the motion is filed, regardless of whether the motion is filed within 10 days or 28 days.

The Committee also considered the question of whether the extension from 10 days to 28 days would affect the right to appeal these orders or the finality of judgments for purposes of appeal. Rule 6(3), M. R. App. P., (Orders appealable in civil cases) provides, in subsection (b), that an appeal may be taken "from a 'deemed denied' motion that was made pursuant to M. R. Civ. P. 50(b), 52(b), 59, or 60(b)." Accordingly, merely extending the deadlines in these rules from 10 days to 28 days will not affect appeal rights.

Rule 50(e) recognizes the appellate court's ability to direct the entry of judgment. The Federal Committee noted that this change simply acknowledged and canonized the development of federal common law on this point.

**Rule 51. Instructions to the Jury; Objections; Preserving a Claim of Error.**
**(a) Requests.**

**(1) *Before or at the Close of the Evidence*.** At the close of the evidence or at any earlier reasonable time that the court orders, a party may file and furnish to every other party written requests for the jury instructions it wants the court to give.

**(2) *After the Close of the Evidence*.** After the close of the evidence, a party may:

(A) file requests for instructions on issues that could not reasonably have been anticipated by an earlier time that the court set for requests; and

(B) with the court's permission, file untimely requests for instructions on any issue.

**(b) Instructions.** The court:

**(1)** must inform the parties of its proposed instructions and proposed action on the requests before instructing the jury and before final jury arguments;

**(2)** must give the parties an opportunity to object on the record and out of the jury's hearing before the instructions and arguments are delivered; and

**(3)** may instruct the jury at any time before the jury is discharged.

**(c) Objections.**

**(1)** *How to Make*. A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection.

**(2)** *When to Make*.    An objection is timely if:

    (A) a party objects at the opportunity provided under Rule 51(b)(2); or

    (B) a party was not informed of an instruction or action on a request before that opportunity to object, and the party objects promptly after learning that the instruction or request will be, or has been, given or refused.

**(d) Assigning Error; Plain Error.**

**(1)** *Assigning Error*. A party may assign as error:

    (A) an error in an instruction actually given, if that party properly objected; or

    (B) a failure to give an instruction, if that party properly requested it and -- unless the court rejected the request in a definitive ruling on the record -- also properly objected.

**(2)** *Plain Error*.  A court may consider a plain error in the instructions that has not been   preserved as required by Rule 51(d)(1) if the error affects substantial rights.

## COMMITTEE NOTES

The language of Rule 51 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.  These changes are both substantive and stylistic.

Rule 51(a)(1) does not provide for the court to request jury instructions as in the previous rule, but allows the parties to submit proposed instructions as a matter of right. Rule 51(a)(2) further allows parties to request instructions on issues not reasonably anticipated prior to the close of evidence.  Rule 51(b)(3) allows the court to instruct the jury at any time before jury discharge, in contrast to the more restrictive previous rule which requires that they are read to the jury prior to commencement of counsel's arguments.  Rule 51(c)(2)(B) explicitly preserves the right to object if a party was not informed of an instruction or request.  Rule 51 takes a more permissive stance toward jury instructions, while affording more protection against their improper application.

Rule 51(d) establishes clear guidelines for the assignment of error.  The previous version of the rule is without a similar compliment.

**Rule 52.  Findings and Conclusions by the Court; Judgment on Partial Findings.**

**(a) Findings and Conclusions.**

**(1)** *In General*.  In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.

**(2)** *For an Interlocutory Injunction*. In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action.

**(3)** *For a Motion*.  The court is not required to state findings or conclusions when ruling on a motion unless these rules provide otherwise.  When ruling on a motion under Rule 12 or 56, a court shall specify the grounds therefor with sufficient particularity as to apprise the parties and any appellate court of the rationale underlying the ruling.  This may be done in the body of the order or in an attached opinion.

**(4)** *Effect of a Master's Findings*.  A master's findings, to the extent adopted by the court, must be considered the court's findings.

**(5)** *Questioning the Evidentiary Support.* A party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings.

**(6)** *Setting Aside the Findings*. Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.

**(b) Amended or Additional Findings.**  On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings -- or make additional findings -- and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

**(c) Judgment on Partial Finding.**  If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on

123

partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

**(d) Time for determining motions**. Motions provided under subdivision (b) of this rule must be determined within the time provided by Rule 59 in the cases of motions for new trial and amendment of judgment and if the court fails to rule on the motion within the 60-day period, the motion must be deemed denied.

## COMMITTEE NOTES

The language of Rule 52 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are intended to be stylistic only.

Previous Rule 52(a) states that findings are unnecessary on decisions of motions "except as provided in subdivision (c) of this rule." Rule 52(a)(3), in adopting the present federal language, reads that findings are unnecessary "unless these rules provide otherwise." The Federal Committee noted that they made this change to the 2007 update to incorporate provisions in other rules, including Rule 54(d)(2)(C), which requires Rule 52 findings.

Rule 52(b) subjects motions, by reference to the requirements in Rule 59, to a 60-day automatic denial, incorporating the same provisions of previous Rule 52(d). The stylistic changes of this rule fully incorporate Montana's previous 60-day time fuse designed to prevent delayed action by the court.

The 10-day period in Rule 52(b) for filing of a motion to amend or make additional findings is enlarged to 28 days in conformance with the Federal Rules change. The reason for this is explained in the following Federal Rules Committee Comment:

> Former Rules 50, 52, and 59 adopted 10-day periods for their respective post-judgment motions. Rule 6(b) prohibits any expansion of those periods. Experience has proved that in many cases it is not possible to prepare a satisfactory post-judgment motion in 10 days, even under the former rule that excluded intermediate Saturdays, Sundays, and legal holidays. These time periods are particularly sensitive because Appellate Rule 4 integrates the time to appeal with a timely motion under these rules. Rather than introduce the prospect of uncertainty in appeal time by amending Rule 6(b) to permit additional time, the former 10-day periods are expanded to 28 days. Rule 6(b) continues to prohibit expansion of the 28-day period.

The Committee considered the question of whether the change from 10 to 28 days on these Rules would affect the "deemed denied" provisions in Montana's Rules. The

Committee concluded there will be no effect -- the 60-day "deemed denied" period would continue to run from the date the motion is filed, regardless of whether the motion is filed within 10 days or 28 days.

The Committee also considered the question of whether the extension from 10 days to 28 days would affect the right to appeal these orders or the finality of judgments for purposes of appeal. Rule 6(3), M. R. App. P., (Orders appealable in civil cases) provides, in subsection (b), that an appeal may be taken "[f]rom a 'deemed denied' motion that was made pursuant to M. R. Civ. P. 50(b), 52(b), 59, or 60(b)." Accordingly, merely extending the deadlines in these rules from 10 days to 28 days will not affect appeal rights.

NOTE

By order entered on December 13, 2016, the Court revised Rule 52(a)(3) to require that a judgment on the pleadings or a summary judgment order must include articulation of the basis for the order.

**Rule 53. Masters.**

**(a) Appointment.**

    **(1) *Definition.*** As used in these rules, the word "master" includes a referee, an auditor, an examiner, and an assessor.

        (A) *Standing Masters.* A judicial district may appoint one or more standing masters for its district with the concurrence of a majority of all the judges in the district.

        (B) *Special Masters.* A court in which any action is pending may appoint a special master in the action.

        (C) *Water Masters.* The water court may appoint water masters as provided by law.

    **(2) *Compensation.*** The court must fix a special master's compensation. The compensation must be paid either:

        (A) by a party or parties; or

        (B) from a fund or subject matter of the action within the court's control.

    **(3) *Writ of Execution.*** When a party ordered to pay the master's compensation does not pay it after notice and within the time prescribed by the court, the master is entitled to a writ of execution against the delinquent party. The master may not retain the master's report as security for the master's compensation.

**(b) References Limited.**

    **(1)** A court may refer to a special master:

        (A) an action to be tried by a jury only when the issues are complicated;

        (B) an action to be tried by the court only on a showing that some exceptional condition requires the reference, or in an accounting.

    **(2)** Referrals to standing masters and water masters may be as provided by law or by district court and water court rules.

**(c) Master's Powers.**

    **(1)** *In General.* The order of reference may:

        (A) direct the master to report only upon particular issues;

        (B) direct the master to do or perform particular acts;

        (C) direct the master to receive and report evidence only;

        (D) fix the time and place for beginning and closing the proceedings and for the filing of the master's report; or

        (E) otherwise specify or limit the master's powers.

    **(2)** *Proceedings.* Unless the order of reference directs otherwise, a master may:

        (A) regulate all proceedings;

        (B) require the production before the master of evidence upon all matters embraced in the reference;

        (C) rule upon the admissibility of evidence;

        (D) administer oaths and examine parties and other witnesses under oath; and

        (E) take all appropriate measures to perform the master's duties under the order efficiently.

    **(3)** *Record.* On request of a party, the master must make a record of the evidence as provided in the Montana Rules of Evidence for a court sitting without a jury.

**(d) Procedure.**

    **(1)** *Meetings.* When a reference is made, the clerk must promptly provide the master with a copy of the order of reference. Unless the order of reference provides otherwise, upon receipt of the order the master must set a time and place for the first

meeting of the parties or their attorneys and notify the parties or their attorneys of the meeting. The first meeting must be held within 20 days of the order of reference unless otherwise provided by the order. The master must proceed with all reasonable diligence. Either party, on notice to the parties and master, may apply to the court for an order requiring the master to speed the proceedings and to make the report. If a party fails to appear at a meeting, the master may proceed ex parte or, in the master's discretion, adjourn the proceedings to a future day, giving notice to the absent party of the adjournment.

**(2)** *Witnesses.* Parties may command the attendance of witnesses before the master by subpoenas as provided in Rule 45. A witness who, without adequate excuse, fails to appear or give evidence may be sanctioned or held in contempt as provided by Rules 37 and 45.

**(3)** *Statement of accounts.* In accountings, the master may prescribe the form in which the accounts shall be submitted and, when appropriate, may require or receive in evidence a statement by a certified public accountant who is called as a witness. Upon objection of a party to any of the items thus submitted or upon a showing that the form of statement is insufficient, the master may:

(A) require a different form of statement;

(B) require proof of the accounts or specific items by oral examination of the accounting parties, or upon written interrogatories or in such other manner as the master directs.

**(e) Report.**

**(1)** *Contents and filing.* The master must prepare a report upon the matters submitted to the master by the order of reference. If required to make findings of fact and conclusions of law, the master shall set them forth in the report. The master must file the report with the clerk of the court and serve on all parties notice of the filing. In an action to be tried without a jury, unless otherwise directed by the order of reference, the master must file with the report a transcript of the proceedings and of the evidence and the original exhibits. Unless otherwise directed by the order of reference, the master shall serve a copy of the report on each party.

**(2)** *In nonjury actions.* In an action to be tried by the court, the court must accept the master's findings of fact unless clearly erroneous. Within 10 days after being served with notice of the filing of the report, any party may serve written objections to the report. Application to the court for action upon the report and objections must be by motion and upon notice as provided by Rule 6(d). After hearing, the court

may adopt the report, modify it, reject it in whole or in part, receive further evidence, or recommit it with instructions.

**(3)** *In jury actions.*  In an action to be tried by a jury, the court may not direct the master to report the evidence.  The master's findings upon the issues submitted to the master are admissible as evidence of the matters found and may be read to the jury, subject to the ruling of the court upon any objections in point of law which may be made to the report.

**(4)** *Stipulations as to findings*.  The effect of a master's report is the same whether or not the parties have consented to the reference.  However, when the parties stipulate that a master's findings of fact are final, the court may only review the master's legal conclusions.

**(5)** *Draft report.*  Before filing the master's report, a master may submit a draft of the report to counsel for all parties for the purpose of receiving their suggestions.

**COMMITTEE NOTES**

The language of Rule 53 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules.

**TITLE VII.  Judgment**

**Rule 54.  Judgments; Costs.**

**(a) Definition; Form**.  "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings.

**(b) Judgment on Multiple Claims or Involving Multiple Parties.**

**(1)** When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

**(2)** Any order or other decision granted pursuant to Rule 54(b)(1) must comply with the certification of judgment requirements of Montana Rule of Appellate Procedure 6(6).

**(c) Demand for Judgment; Relief to Be Granted.**  A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.

**(d) Costs; Attorney Fees.**

**(1)** *Costs Other than Attorney Fees.*  Unless a Montana statute, these rules, or a court order provides otherwise, costs -- other than attorney fees -- should be allowed to the prevailing party. But costs against the State of Montana, its officers, its agencies, and its political subdivisions may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

**(2)** *Attorney Fees*.

(A) *Claim to Be by Motion*.  A claim for attorney fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) *Timing and Contents of the Motion*.  Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days after the entry of judgment;

(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

(iii) state the amount sought or provide a fair estimate of it; and

(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

(C) *Proceedings*.  Subject to Rule 23(h), the court must, on a party's request, give an opportunity for adversary submissions on the motion in accordance with Rule 43(c). The court may decide issues of liability for fees before receiving submissions on the value of services. The court must find the facts and state its conclusions of law as provided in Rule 52(a).

(D) *Special Procedures by Local Rule*.  By local rule, the court may establish special procedures to resolve fee-related issues without extensive evidentiary

hearings.  Also, the court may refer issues concerning the value of services to a special master under Rule 53 without regard to the limitations of Rule 53.

(E) *Exceptions*.  Subparagraphs (A)-(D) do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under section 37-61-421.

## COMMITTEE NOTES

The language of Rule 54 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.  These changes are both substantive and stylistic.  The language of Federal Rule 54 was amended as necessary to replace federal references and statutes with the appropriate state references and statutes.

Rule 54(a) adopts a discretionary posture with regard to including recitals of pleadings, a master's report, or record of prior proceedings in a judgment, substituting "should not" for the "shall not" of the previous Rule 54(a).  Rule 54(c) likewise replaces "shall" with "should grant the relief to which each party is entitled."

Rule 54(b) incorporates the relevant federal language into 54(b)(1), but adds 54(b)(2) to harmonize with Montana Rule of Appellate Procedure 6(6).

Rule 54(d)(1) was revised to substitute "federal" with "Montana," "United States" with "State of Montana," and to add "political subdivisions" to the list of state entities with limited liability for costs.  The clerk's authorization to tax costs after 14 days' notice, subject to the court's review upon motion from Federal Rule 54 was incorporated into the rule.  The 14-day period for giving notice to the clerk to tax costs and the 7-day period for giving notice of a motion to have the court review the clerk's action on taxing costs are based on the Federal Rule.

Rule 54(d)(2) incorporates the federal provisions for attorney fees into the Montana Rules, edited to replace federal references with their state counterparts.

Rule 54(d)(2)(C) adopts the relevant language of the Federal Rules except that it omits reference to "Rule 78," which was without a state complement.

Rule 54(d)(2)(C) may require an update or revision of Montana Rule 23(h).

Rule 54(d)(2)(D) adopts the federal language except that it does not include referral of a motion for attorney fees to a magistrate judge.

## Rule 55.  Default; Default Judgment.

**(a) Entering a Default.**  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b) Entering a Default Judgment.**

> **(1) *By the Clerk*.**  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

> **(2) *By the Court*.**  In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals -- preserving any Montana statutory right to a jury trial -- when, to enter or effectuate judgment, it needs to:

> > (A) conduct an accounting;

> > (B) determine the amount of damages;

> > (C) establish the truth of any allegation by evidence; or

> > (D) investigate any other matter.

**(c) Setting Aside a Default or a Default Judgment.**  The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

**(d) Judgment against the State of Montana.**  A default judgment may be entered against the State of Montana, its officers, its agencies, or its political subdivisions only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

## COMMITTEE NOTES

The language of Rule 55 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.  These changes are both substantive and stylistic. The language of Federal Rule 55 was amended as necessary to replace federal references and statutes with the appropriate state references and statutes.

Rule 55(a) reflects the 2007 changes to the Federal Rules.  The Federal Committee noted that:

> Former Rule 55(a) directed the clerk to enter a default when a party failed to plead or otherwise defend "as provided by these rules."  The implication from the reference to defending "as provided by these rules" seemed to be that the

clerk should enter a default even if a party did something showing an intent to defend, but that act was not specifically described by the rules. Courts in fact have rejected that implication. Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule. "[A]s provided by these rules" is deleted to reflect Rule 55(a)'s actual meaning.

Rule 55(b)(1) drops the explicit personal service requirement and prohibition on service by publication found in the Montana Rule. Rule 55(b)(2) drops "committee" and "guardian ad litem" from the list of infant or incompetent representatives in adherence to the federal language. Rule 55(c) does not include a substantial portion of the previous rule, and instead adheres to the federal language. The previous 3-day period of Rule 55(b)(2) is changed to 7 days to conform to the Federal Rule.

Previous Rule 55(d) does not have a federal counterpart, as it was deleted with the 2007 revision. The Federal Committee stated that the list was incomplete and unnecessary because Rule 55(a) applies Rule 55 to any party against whom a judgment for affirmative relief is requested, and because the second provision was a redundant reminder that Rule 54(c) limits the relief available by default judgment.

Rule 55(d) was incorporated, with state-specific revisions, to limit the availability of default judgment against the state. "[P]olitical subdivisions" were added to the list of protected state entities.

## Rule 56. Summary Judgment.

**(a) By a Claiming Party.** A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

**(b) By a Defending Party.** A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

**(c) Time for a Motion, Response, and Reply; Proceedings.**

**(1)** These times apply unless the court orders otherwise:

(A) a party may move for summary judgment at any time;

(B) a party opposing the motion must file a response, and any opposing affidavits, within 21 days after the motion is served or a responsive pleading is due, whichever is later; and

(C) the movant may file a reply within 14 days after the response is served.

**(2)** *Hearing.*

    (A) The right to a hearing is waived unless a party requests a hearing within 14 days after the time for filing a reply brief has expired.

    (B) The court may set a hearing on its own motion.

**(3)** The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

**(d) Case Not Fully Adjudicated on the Motion.**

**(1)** *Establishing Facts*. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts -- including items of damages or other relief -- are not genuinely at issue. The facts so specified must be treated as established in the action.

**(2)** *Establishing Liability.* An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

**(e) Affidavits; Further Testimony.**

**(1)** *In General.* A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

**(2)** *Opposing Party's Obligation to Respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

**(f) When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

**(1)** deny the motion;

**(2)** order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

**(3)** issue any other just order.

**(g) Affidavits Submitted in Bad Faith.**  If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney fees, it incurred as a result. An offending party or attorney may also be held in contempt.

## COMMITTEE NOTES

Montana Rule 56 follows the Federal Rule 56 changes, with minor revisions.  The federal rationale for the December 1, 2009 amendment to Rule 56 is as follows and expresses that rationale:

> The timing provisions for summary judgment are outmoded.  They are consolidated and substantially revised in new subdivision (c)(1).  The new rule allows a party to move for summary judgment at any time, even as early as the commencement of the action.  If the motion seems premature both subdivision (c)(1) and Rule 6(b) allow the court to extend the time to respond.  The rule does set a presumptive deadline at 30 days after the close of all discovery.
>
> The presumptive timing rules are default provisions that may be altered by an order in the case or by local rule.  Scheduling orders are likely to supersede the rule provisions in most cases, deferring summary-judgment motions until a stated time or establishing different deadlines.  Scheduling orders tailored to the needs of the specific case, perhaps adjusted as it progresses, are likely to work better than default rules.  A scheduling order may be adjusted to adopt the parties' agreement on timing, or may require that discovery and motions occur in stages -- including separation of expert-witness discovery from other discovery.
>
> Local rules may prove useful when local docket conditions or practices are incompatible with the general Rule 56 timing provisions.
>
> If a motion for summary judgment is filed before a responsive pleadings is due from a party affected by the motion, the time for responding to the motion is 21 days after the responsive pleading is due.

Four minor changes from the Federal language have been adopted in Montana. First, Rule 56(c)(1) omits the following language: "a different time is set by local rule or…." The rationale for this omission is that different Rules in the various judicial districts do not make sense regarding the summary judgment procedure. Also, language in Rule 56(c)(1)(A) allowing a party to move for summary judgment at any time "until 30 days after the close of all discovery" is modified. The 30-day closure period is deleted because it is inconsistent with much of Montana's summary judgment practice. Third, unless the court orders otherwise, Rule 56(c)(1)(B) requires any opposing affidavits to be filed according to the briefing schedule, instead of allowing an opposing party to surprise the moving party any time "prior to the day of the hearing." Fourth, Rule 56(c)(2) expresses the parties' general entitlement to hearing on summary judgment. *See SVKV, LLC v. Harding*, 2006 MT 297; *Richards v. City of Missoula*, 2009 MT 453.

Rule 56(a) and (b) adopts the federal language, substituting "relief" for "claim, counterclaim, or cross-claim or to obtain a declaratory judgment" where it is found in the present subsections of Montana Rule 56. The Federal Committee noted that it adopted "relief" because:

> The list was incomplete. Rule 56 applies to third-party claimants, intervenors, claimants in interpleader, and others. . . . Rule 56(a) and (b) carry forward the present meaning by referring to a party claiming relief and a party against whom relief is sought.

Rule 56 adopts the discretionary federal language in place of the mandatory state phrasing in four places in the rule. Rule 56(c) states that a judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." This would replace the previous Rule 56(c), which states that a judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" show no genuine issue.

Rule 56(d) states that a court "should" determine what material facts are not at issue and "should" then issue an order stating that determination. The previous Rule 56(d) makes those court functions mandatory with its use of "shall." Rule 56(e)(2) states that summary judgment "should" be entered against a party who fails to set out specific facts showing a genuine issue for trial. The previous Rule 56(e)(2) uses the mandatory "shall."

The Federal Committee explained their decision to change from "shall" to "should," stating:

> It is established that although there is no discretion to enter summary judgment when there is a genuine issue as to any material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact. *Kennedy v. Silas Mason Co.*, 334 U.S. 249, 256-257 (1948). Many lower court decisions are gathered in

10A Wright, Miller & Kane, *Federal Practice & Procedure: Civil 3d*, § 2728. "Should" in amended Rule 56(c) recognizes that courts will seldom exercise the discretion to deny summary judgment when there is no genuine issue as to any material fact. Similarly sparing exercise of this discretion is appropriate under Rule 56(e)(2). Rule 56(d)(1), on the other hand, reflects the more open-ended discretion to decide whether it is practicable to determine what material facts are not genuinely as issue.

**Rule 57. Declaratory Judgments.** These rules govern the procedure for obtaining a declaratory judgment under Title 27, Chapter 8. Rules 38 and 39, subject to the provisions of section 27-8-302, govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

**COMMITTEE NOTES**

The language of Rule 57 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are intended to be stylistic only.

**Rule 58. Entering Judgment.**

**(a) Separate Document.** Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:

**(1)** for judgment under Rule 50(b);

**(2)** to amend or make additional findings under Rule 52(b);

**(3)** for attorney fees under Rule 54;

**(4)** for a new trial, or to alter or amend the judgment, under Rule 59; or

**(5)** for relief under Rule 60.

**(b) Entering Judgment.**

**(1)** *Without the Court's Direction*. Subject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:

(A) the jury returns a general verdict;

(B) the court awards only costs or a sum certain; or

(C) the court denies all relief.

**(2) *Court's Approval Required*.** Subject to Rule 54(b), the court must promptly approve the form of the judgment, which the clerk must promptly enter, when:

(A) the jury returns a special verdict or a general verdict with answers to written questions; or

(B) the court grants other relief not described in this subdivision (b).

**(c) Time of Entry.** For purposes of these rules, judgment is entered at the following times:

**(1)** if a separate document is not required, when the judgment is entered in the civil docket; or

**(2)** if a separate document is required, when the judgment is entered in the civil docket and the earlier of these events occurs:

(A) it is set out in a separate document; or

(B) 150 days have run from the entry in the civil docket.

**(d) Request for Entry.** A party may request that judgment be set out in a separate document as required by Rule 58(a).

**(e) Cost or Fee Awards, and Sanctions.** A judgment, even though entered, is not considered final for purposes of appeal under Rule 4(1)(a), M. R. App. P., until any necessary determination of the amount of costs and attorney fees awarded, or sanctions imposed, is made. The district court is not deprived of jurisdiction to enter its order on a timely motion for attorney fees, costs, or sanctions by the premature filing of a notice of appeal. A notice of appeal filed before the disposition of any such motions shall be treated as filed on the date of such entry.

## COMMITTEE NOTES

The language of Rule 58 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are both substantive and stylistic. The language of Federal Rule 58 was amended as necessary to replace federal references and statutes with the appropriate state references and statutes.

Rule 58(a) incorporates the federal separate document requirement and exceptions into the Montana Rules. There is no similar requirement under the previous Montana Rule 58.

Rule 58(b)(2)(A) adds "or a general verdict with answers to written questions; or" to the language of the rule. It is directly adopted from the same Federal Rule.

Rule 58(d) incorporates the Request for Entry provision into the Montana Rules. There is no similar requirement under the previous Rule 58.

Rule 58(e) reflects the changes made to Rule 54(d) regarding motions for attorney fees and costs. It effectively adds motions made according to Rule 54(d)(2) (for attorney fees or costs) as well as motions for sanctions to the list of motions under M. R. App. P. 4(5)(a)(iv), extending the time to appeal.

**Rule 59. New Trial; Altering or Amending a Judgment.**

**(a) In General.**

**(1)** *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues -- and to any party -- as follows:

(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in Montana state court; or

(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in Montana state court.

**(2)** *Further Action after a Nonjury Trial*. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

**(b) Time to File a Motion for a New Trial.** A motion for a new trial must be filed no later than 28 days after the entry of judgment. The motion for a new trial must set forth, in the heading of the motion and under the cause number and department identification, the date which is 60 days from the date of the filing of the motion, and the date which is 120 days from the date of filing of the motion.

**(c) Time to Serve Affidavits.** When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.

**(d) New Trial on the Court's Initiative or for Reasons not in the Motion.** No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

138

**(e) Motion to Alter or Amend a Judgment.**  A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

**(f) Motion Deemed Denied.**  If the court does not address in a written order a motion for a new trial properly filed according to Rule 59(b), or a motion to alter or amend a judgment properly filed according to Rule 59(e), within 60 days from its filing date, the motion must be deemed denied.  If the court issues an order within the 60 days extending the time within which to rule on the motion, the time for ruling may be extended, but if the motion is not ruled upon within 120 days from its filing date, it will be deemed denied.

COMMITTEE NOTES

The language of Rule 59 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.  These changes are both substantive and stylistic.  The language of Federal Rule 59 was amended as necessary to replace federal references and statutes with the appropriate state references and statutes.

The 10-day time periods under Rule 59(b), (d), and (e) were all changed to 28 days to conform to the Federal Rule changes.  *See* explanation in the Committee Notes to Rules 50 and 52.  Also, Rule 59(c) was changed to conform to the Federal Rules.  The opposing party now has 14 days rather than 10 days, after being served, to file opposing affidavits.  The language allowing an extension for up to 20 days either by the court for good cause or by the parties' stipulation has been deleted in conformance with the federal deletions.

In keeping with the State Committee's intention to retain Montana's 60-day time fuse for court action upon certain matters, the pertinent language was added to Rule 59(f).

The previous Rule 59(d), with the exception of the 60-day timing requirement, was not incorporated into Rule 59.  A decision on the motion would instead be entered according to the relevant provisions of Rule 58.

NOTE

By order entered on December 13, 2016, the Court revised the Rule 59(b) and (f) procedure and timelines for deemed denial of a motion for new trial or a motion to alter or amend the judgment.

**Rule 60.  Relief from Judgment or Order.**

**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.**  The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.  But after an appeal has been docketed in

the supreme court and while it is pending, such a mistake may be corrected only with the supreme court's leave.

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

**(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Motions provided by Rule 60(b) must be determined within the times provided by Rule 59 in the case of motions for new trials and amendment of judgment, and if the court shall fail to rule on the motion within the time frames set forth in Rule 59(f), the motion must be deemed denied. A motion filed under this rule shall follow the format set forth in Rule 59(b).

**(2)** *Effect on Finality*. The motion does not affect the judgment's finality or suspend its operation.

**(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:

**(1)** entertain an independent action to relieve a party from a judgment, order, or proceeding;

**(2)** grant relief to a defendant who was not personally notified of the action; or

**(3)** set aside a judgment for fraud on the court.

**(e) Bills and Writs Abolished.** The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

The language of Rule 60 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are intended to be stylistic only. The language of Federal Rule 60 was amended as necessary to replace federal references and statutes with the appropriate state references and statutes.

Rule 60(c)(1) adopts the relevant federal language, but adds the language of present Montana Rule 60(c)(1).

**NOTE**

By order entered on December 13, 2016, the Court revised the Rule 60(c)(1) procedure and timelines for deemed denial of a motion for new trial.

**Rule 61. Harmless Error.** Unless justice requires otherwise, no error in admitting or excluding evidence -- or any other error by the court or a party -- is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

**COMMITTEE NOTES**

The language of Rule 61 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are intended to be stylistic only.

**Rule 62. Stay of Proceedings to Enforce a Judgment.**

**(a) Automatic Stay; Injunction; Exceptions.** Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry. During this 14-day period, there is imposed, automatically, an order enjoining the judgment debtor(s) from transferring, encumbering, or in any way making unavailable to execution any or all real or personal property, whether tangible or intangible, including, without limitation, cash, accounts, choses in action, leases, contract rights, or other property or any interest therein of the judgment debtor(s). For good cause shown and on terms that protect the respective interests of the parties, the court may enter an order modifying the automatic stay and injunction imposed by this rule. But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:

**(1)** an interlocutory or final judgment in an action for an injunction; or

**(2)** receivership.

**(b) Stay Pending the Disposition of a Motion.** On appropriate terms for the opposing party's security, the court may stay the execution of a judgment -- or any proceedings to enforce it -- pending disposition of any of the following motions:

> **(1)** under Rule 50, for judgment as a matter of law;
>
> **(2)** under Rule 52(b), to amend the findings or for additional findings;
>
> **(3)** under Rule 59, for a new trial or to alter or amend a judgment; or
>
> **(4)** under Rule 60, for relief from a judgment or order.

**(c) Injunction Pending an Appeal.** While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

**(d) Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

**(e) Stay without Bond on an Appeal by the State of Montana, Its Officers, or Its Agencies.** The court must not require a bond, obligation, or other security from the appellant when granting a stay on an appeal by the State of Montana, its officer, or its agencies or on an appeal directed by a department of the State of Montana.

**(f) Security Other Than Bond -- Stipulation of Parties.**

> **(1)** In all cases under this rule where supersedeas bond or other terms that secure the opposing party's rights are required, the court, in its discretion, may allow alternate forms of security other than a bond, when adequate equivalent security is provided and the appealing party can show that the judgment creditor's recovery is not in jeopardy.
>
> **(2)** In all cases, the parties may by written stipulation waive the filing of security.

**(g) Appellate Court's Power Not Limited.** This rule does not limit the power of the appellate court or one of its judges or justices:

> **(1)** to stay proceedings -- or suspend, modify, restore, or grant an injunction -- while an appeal is pending; or
>
> **(2)** to issue an order to preserve the status quo or the effectiveness of the judgment to be entered.

**(h) Stay with Multiple Claims or Parties.** A court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered.

## COMMITTEE NOTES

The language of Rule 62 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.

Additionally, Rule 62(a), providing for a 14-day automatic stay period, except in cases of injunction and receivership, has been reinstated, following the Federal Rule. It is unclear to the Committee why Rule 62(a) was previously abrogated.

Subsection (f)(2) preserves language from previous Rule 62(e) ("In all cases, the parties may by written stipulation waive the filing of security."). Subsection (f)(1) is new and substantive. Because the definition of supersedeas bond has never been entirely clear and, in some cases, works harsh consequences, the decision was made to allow for the provision of other forms of security such as cash (as provided in section 25-1-401), an appropriate irrevocable letter of credit, a certificate of deposit, or other security in the court's discretion.

Stay of execution and bond practice is also governed by Rules 22 and 23 of the Montana Rules of Appellate Procedure.

## Rule 62.1. Indicative Rule on a Motion for Relief that is Barred by a Pending Appeal.

**(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

> **(1)** defer considering the motion;

> **(2)** deny the motion; or

> **(3)** state either that it would grant the motion if the supreme court remands for that purpose or that the motion raises a substantial issue.

**(b) Notice to the Supreme Court.** The movant must promptly notify the supreme court clerk if the district court states that it would grant the motion or that the motion raises a substantial issue.

**(c) Remand.** The district court may decide the motion if the supreme court remands for that purpose.

Montana adopts new Rule 62.1, following Federal Rule 62.1, allowing "indicative" rulings where a district court has lost jurisdiction because a matter is pending before the supreme court, but it may be beneficial to obtain a district court ruling. The rationale for adopting this new rule is the same as the federal rationale. The federal rationale for Federal Rule 62.1 from the Federal Committee Notes is as follows:

> This new rule adopts for any motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal. After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand. But it can entertain the motion and deny it, defer consideration, or state that it would grant the motion if the court of appeals remands for that purpose or state that the motion raises a substantial issue. Experienced lawyers often refer to the suggestion for remand as an "indicative ruling." (Appellate Rule 4(a)(4) lists six motions that, if filed within the relevant time limit, suspend the effect of a notice of appeal filed before or after the motion is filed until the last such motion is disposed of. The district court has authority to grant the motion without resorting to the indicative ruling procedure.)
>
> This clear procedure is helpful whenever relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal. Rule 62.1 does not attempt to define the circumstances in which an appeal limits or defeats the district court's authority to act in the face of a pending appeal. The rules that govern the relationship between trial courts and appellate courts may be complex, depending in part on the nature of the order and the source of appeal jurisdiction. Rule 62.1 applies only when those rules deprive the district court of authority to grant relief without appellate permission. If the district court concludes that it has authority to grant relief without appellate permission, it can act without falling back on the indicative ruling procedure.
>
> To ensure proper coordination of proceedings in the district court and in the appellate court, the movant must notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that

the motion raises a substantial issue. Remand is in the court of appeals' discretion under Appellate Rule 12.1.

Often it will be wise for the district court to determine whether it in fact would grant the motion if the court of appeals remands for that purpose. But a motion may present complex issues that require extensive litigation and that may either be mooted or be presented in a different context by decision of the issues raised on appeal. In such circumstances the district court may prefer to state that the motion raises a substantial issue, and to state the reasons why it prefers to decide only if the court of appeals agrees that it would be useful to decide the motion before decision of the pending appeal. The district court is not bound to grant the motion after stating that the motion raises a substantial issue; further proceedings on remand may show that the motion ought not be granted.

## Rule 63. Judge's Inability to Proceed.

**(a) Replacement Judge May Proceed.** If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

**(b) Chief Justice to Assign.** The successor judge shall be assigned by the chief justice of the supreme court by written order and may be from a different district.

**COMMITTEE NOTES**

For reasons which are unclear, Montana did not have a counterpart to Federal Rule 63. It appears that Montana statutes, particularly sections 3-5-111 and -112, do not directly deal with a situation in which a judge is unable to act because of disability, death or disqualification which arises mid-trial or mid-hearing. Accordingly, it was decided to follow the Federal Rule. Prior to the 1991 amendment to Federal Rule 63, the rule authorized a successor judge to continue with the proceedings only when the original judge's disability arose after a verdict was returned or findings of fact and conclusions of law were filed. Thus, most circuit courts of appeal held that if the judge's disability occurred at an earlier point in the proceedings, a new trial was necessary. *See 12 Moore's Federal Practice, 3d*, § 63 App. 101[1]. The amended rule allows a successor judge to assume duty and continue the proceedings at any time after a trial or hearing is commenced, if the judge is able to certify familiarity with the record and make a determination that the case may be completed without prejudice to the parties.

The rule provides for assignment of the replacement judge by the chief justice because replacements envisioned by this rule will usually be in emergencies and the regular rotation rules of the particular district may interfere with speedy replacement.

## TITLE VIII.  Provisional and Final Remedies and Special Proceedings

**Rule 64.  Seizing a Person or Property.**  At the commencement of and during the course of an action, every remedy is available that provides for seizing a person or property to secure satisfaction of the potential judgment.

### COMMITTEE NOTES
The language of Rule 64 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules.

**Rule 65.  Injunctions.**  The procedure for granting restraining orders and temporary and permanent injunctions shall be as provided by statute.

### COMMITTEE NOTES
The Committee opted to continue Montana's practice of governing injunction practice by statute.  There is substantial case law in Montana regarding injunction procedure.  The statutes and case law provide adequate guidance.

***No Montana Rule 65.1.***

### COMMITTEE NOTES
The Committee opted not to adopt the equivalent of Federal Rule 65.1 which deals with security and proceedings against sureties.  Although Federal Rule 65.1 follows Rule 65, which deals with injunctions, Rule 65.1 regarding security and proceedings against sureties is broader than injunction bonds.  Professor Moore describes some of the situations in which a surety may be required or permitted by the Federal Rules to enter into a bond or stipulation or other undertaking, including:  (1) state proceedings to enforce a judgment, including a stay on appeal; (2) incidental to attachment, garnishment, and other provisional remedies where state law requires security; (3) as a condition to granting a TRO or preliminary injunction; and (4) security for costs under Rule 83. *Moore's Federal Practice, 3d*, § 65.1.02.  Rule 65.1 provides a summary procedure for the enforcement of a surety's liability under these circumstances.  "The importance of this provision is that it obviates the need to bring an independent action to enforce a liability of a surety and alternatively allows for a summary procedure on motion." *Id.*  Nothing in Rule 65.1, however, precludes a judgment creditor from bringing a wholly separate and independent action to enforce a surety's liability. *Id.*, § 65.1.03.

146

With respect to proceedings against a surety relating to a supersedeas bond for stay pending appeal, Rule 24(c), M. R. App. P., covers this, allowing a surety's liability to be enforced on motion in the district court and irrevocably appointing the district court's clerk as the surety's agent on whom any papers may be served.

**Rule 66.  Receivers.**  These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued.  But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with Montana statutes and the historical practice in Montana courts or local rule.  An action in which a receiver has been appointed may be dismissed only by court order.

**COMMITTEE NOTES**

The language of Rule 66 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.  These changes are intended to be stylistic only.

**Rule 67.  Deposit into Court.**

**(a) Depositing Property.**  If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party -- on notice to every other party and by leave of court -- may deposit with the court all or part of the money or thing, whether or not that party claims any of it.  The depositing party must deliver to the clerk a copy of the order permitting deposit.

**(b) Investing and Withdrawing Funds.**  Money paid into court under this rule must be deposited and withdrawn in accordance with the provisions of Title 25, Chapter 8.

**COMMITTEE NOTES**

The language of Rule 67 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes have also been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.  These changes are intended to be stylistic only. Note, however, that Federal Rule 67(b) requires that "[t]he money must be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument." Montana did not adopt that language because it is potentially inconsistent with the statutory language in Title 25, Chapter 8.

**Rule 68.  Offer of Judgment.**

**(a) Making an Offer; Judgment on an Accepted Offer.**  More than 14 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 14 days after

147

being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

**(b) Unaccepted Offer.** An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

**(c) Offer after Liability is Determined.** When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment. It must be served within a reasonable time -- but at least 14 days -- before a hearing to determine the extent of liability.

**(d) Paying Costs after an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

**COMMITTEE NOTES**

The language of Rule 68 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are intended to be stylistic only.

**Rule 69. Execution.** The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of and supplementary to execution shall be in accordance with the statutes of the state of Montana. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may examine any person, including the judgment debtor, in the manner provided in these rules for taking depositions.

**COMMITTEE NOTES**

The Committee recommends that the present Montana rule be re-adopted with no changes. The Federal Rule is complicated by Federal statutory idiosyncrasies and the fact that Federal procedure incorporates "the procedure of the state where the court is located."

**Rule 70. Enforcing a Judgment for a Specific Act.**

**(a) Party's Failure to Act; Ordering Another to Act.** If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done

-- at the disobedient party's expense -- by another person appointed by the court. When done, the act has the same effect as if done by the party.

**(b) Vesting Title.** If the real or personal property is within the state, the court -- instead of ordering a conveyance -- may enter a judgment divesting any party's title and vesting it in others. That judgment has the effect of a legally-executed conveyance.

**(c) Obtaining a Writ of Attachment or Sequestration.** On application by a party entitled to performance of an act, the court may order the clerk to issue a writ of attachment or sequestration against the disobedient party's property to compel obedience.

**(d) Obtaining a Writ of Execution or Assistance.** On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance.

**(e) Holding in Contempt.** The court may also hold the disobedient party in contempt.

## COMMITTEE NOTES
The language of Rule 70 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are intended to be stylistic only.

**Rule 71. Enforcing Relief For or Against a Nonparty.** When an order either grants relief to a nonparty or may be lawfully enforced against a nonparty, the procedure for enforcing the order is the same as for a party.

## COMMITTEE NOTES
The language of Rule 71 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are intended to be stylistic only.

*** Montana has no Rule 71.1.***

## COMMITTEE NOTES
Condemnation law is addressed by statute in Montana, so the Committee opted to adopt no counterpart to Federal Rule 71.1.

**COMMITTEE NOTES**

The Federal Rules' title "IX" is for "Special Proceedings" and includes Rules 71 through 76, dealing with condemnation and with magistrate judges.  Montana's title IX, on the other hand, is labeled "Appeals."  Recommendation is to retain Montana's title "IX.  Appeals" in connection with Rule 72.

**Rule 72.  Appeal from A District Court to the Supreme Court.**  When an appeal is permitted by law from a district court to the supreme court of Montana, or in any case where original proceedings are commenced in the supreme court, such appeal or original proceeding shall be taken, perfected, and prosecuted pursuant to the provisions of the Montana Rules of Appellate Procedure and controlling statutes to the extent that they are not superseded by the Montana Rules of Appellate Procedure.

**COMMITTEE NOTES**

The Committee decided not to change Rule 72.

**TITLE X.  District Courts and Clerks:  Conducting Business; Issuing Orders**

**\*\*\*No Montana Rules 73-76\*\*\***

**COMMITTEE NOTES**

Federal Rules 73 through 76 address magistrate judges.  There are no counterpart Montana Rules 73 through 76.

**Rule 77.  Conducting Business; Clerk's Authority; Notice of an Order or Judgment.**

**(a) When Court Is Open.**  Every district court is considered always open for filing any paper, issuing and returning process, making a motion, or entering an order.

**(b) Place for Trial and Other Proceedings.**  Every trial on the merits must be conducted in open court and, so far as convenient, in a regular courtroom.  Any other act or proceeding may be done or conducted by a judge in chambers, without the attendance of the clerk or other court official, and anywhere inside or outside the district.  But no hearing -- other than one ex parte -- may be conducted outside the district unless all the affected parties consent.

**(c) Clerk's Orders.**  Subject to the court's power to suspend, alter or rescind the clerk's action for good cause, the clerk may: (A) issue process; (B) enter a default; (C) enter a default judgment under Rule 55(b)(1); and (D) act on any other matter that does not require the court's action.

**(d) Notice of Entry of Judgment or Order Served.** Within 14 days after entry of judgment or an order in an action in which an appearance has been made, notice of such entry, together with a copy of such judgment or order or general description of the nature and amount of relief and damages thereby granted, shall be served by the prevailing party upon all parties who have made an appearance, but any other party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers.

**(e) Transmittal of File on Removal.** Upon the filing of a copy of the petition for removal of any state district court action to the district court of the United States, district of Montana, and a request in writing therefor, the clerk of such state district court shall promptly deliver to the clerk of court of the district court of the United States, district of Montana, all papers then in the original state court file, or theretofore issued and subsequently filed and shall keep in the state court file only the copy of the petition for removal and such papers as were filed with the request for removal.

### COMMITTEE NOTES

The language of Rule 77 has been amended as part of the general restyling of the Civil Rule to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are largely stylistic. Federal wording modifications of Rules 77(a) and (b) were followed. Also, Federal Rule 77(c)(2), *Orders*, is adopted as Rule 77(c). Federal Rule 77(c)(1), dealing with *Hours*, is not adopted because the Civil Rules do not need to micro-manage the operations of the offices of the clerks of court. Montana retains its previous practice under Rule 77(d) of requiring the prevailing party (or any other party) to serve the notice of entry of judgment, rather than have that done by the clerk of the court.

\*\*\* No Montana Rule 78.\*\*\*


### COMMITTEE NOTES

Montana previously had no Rule 78. The Committee opted not to adopt counterpart Federal Rule 78. The Committee recommends that Montana not adopt a counterpart Rule 78. This matter is adequately addressed in the district court rules and in the local court rules.

\*\*\* No Montana Rule 79.\*\*\*


### COMMITTEE NOTES

The Committee decided that Montana not adopt a counterpart to Federal Rule 79. This matter is adequately addressed in sections 3-5-501 through -509.

**Rule 80. Stenographic Transcript as Evidence.** If stenographically reported testimony at a hearing or trial is admissible in evidence at a later trial, the testimony may be proved by a transcript certified by the person who reported it.

**COMMITTEE NOTES**

The language of Rule 80 has been amended as part of the revisions to make the language consistent with the Federal Rules which were recently restyled to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are intended to be stylistic only.

**TITLE XI. General Provisions**

**COMMITTEE NOTES**

The Committee decided not to change Title XI.

**Rule 81. Applicability in General.**

**(a) Appeals to District Courts.** These rules do not supersede the provisions of statutes relating to appeals to or review by the district courts, but shall govern procedure and practice relating thereto insofar as these rules are not inconsistent with such statutes.

**(b) Rules Incorporated into Statutes.** Where any statute heretofore or hereafter enacted, whether or not applicable to a special statutory proceeding, provides that any act in a civil proceeding in a district court shall be done in the manner provided by law or as in a civil action or as provided by any statute superseded by these rules, such act shall be done in accordance with these rules and the procedure thereon shall conform to these rules, insofar as practicable.

**COMMITTEE NOTES**

Subsections (b) and (c) are retained in present form but relettered (a) and (b). Subsection (a) "Special statutory proceedings" is deleted because it is no longer useful.

**Rule 82. Jurisdiction and Venue Unaffected.** Except as provided in Rule 4, these rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts.

**COMMITTEE NOTES**

The language of Rule 82 has been amended as part of the general restyling of the Civil rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are intended to be stylistic only.

**Rule 83. Rules by District Courts.** Each district court, upon agreement of the judges or a majority thereof, may from time to time make and amend rules governing its practice not inconsistent with these rules or other rules prescribed by the supreme court. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the supreme court of this state. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules.

### COMMITTEE NOTES
The Committee decided not to change Rule 83.

**Rule 84. Forms.** The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.

### COMMITTEE NOTES
The language of Rule 84 has been amended as part of the general restyling of the Civil Rules to make them more easily understood. The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules. These changes are intended to be stylistic only.

**Rule 85. Title.** These rules shall be known as the Montana Rules of Civil Procedure and may be cited as M. R. Civ. P.
### COMMITTEE NOTES
The Committee decided not to change Rule 85.

**Rule 86. Effective Date -- Statutes Superseded.**

**(a) In General.** These rules and any amendments take effect at the time specified by the supreme court. They govern:

**(1)** proceedings in an action commenced after their effective date; and

**(2)** proceedings after that date in an action then pending unless:

(A) the supreme court specifies otherwise; or

(B) the court determines that applying them in a particular action would be unfeasible or work an injustice.

**(b) October 1, 2011 Amendments.** If any provision in Rules 1-86 conflicts with another law, priority in time for the purpose of section 3-2-706 is not affected by the amendments taking effect on October 1, 2011.

153

## COMMITTEE NOTES

The language of Rule 86 has been amended as part of the general restyling of the Civil Rules to make them more easily understood.  The changes also have been made to make style and terminology consistent throughout these rules and to conform to the recent changes in the Federal Rules.  Significant detail in previous Rule 86 concerning procedures for adoption of rule amendments, submission to the public and to the bar are deleted.  Previous Rule 86(b) referenced "Statutes superseded" and contained Tables B and C listing correlating rules with superseded statutes.  Tables B and C, which reference the old Revised Codes Annotated, 1947, are no longer of utility and are deleted.